ROBERTS (FLINT v.).    See Case No. 4,875.

---

## Case No. 11,902.

### ROBERTS v. GALLAGHER.

[1 Wash. C. C. 156.] [1]

Circuit Court, D. Pennsylvania. Oct. Term, 1804.

PAYMENT — BILL OF EXCHANGE — NEGLIGENCE — LACHES OF HOLDER.

1. A bill of exchange remitted in payment of a debt due to the person to whom it is sent, where the amount of the bill is lost by the negligence of the person to whom it was transmitted, is to be considered as payment of the debt.
[Cited in dissenting opinion in Winship v. Bank of U. S., 5 Pet. (30 U. S.) 568.]

2. If a bill is remitted to an agent to negotiate, or collect, and the amount is lost by negligence. Quære.

3. If a bill of exchange, or a promissory note, is given and received in satisfaction of a precedent debt, the laches of the holder, by which the amount due upon the bill is lost, will prevent a claim upon the person from whom it was received in payment.

This was a motion for a new trial; and 2 W. Bl. 955, and 5 Burrows, 2633, were cited, to show cases in which they had been granted, and supposed to apply to this case. To prove that the bill of exchange, remitted by defendant to plaintiff, ought, if by plaintiff's neglect it was made his own, to amount to a payment, 2 Wils. 353, was cited.

Before WASHINGTON, Circuit Justice, and PETERS, District Judge.

WASHINGTON, Circuit Justice. It does not appear by the defendant's own statement, that if the cause were now to come on again for a new trial, it would differ at all from what it appeared on the trial the other day. The court left it to the jury to say, upon the evidence, whether the bill was remitted to the plaintiff in payment, or on account of the debt due to the plaintiff; and if they were satisfied of that fact, and that by the neglect of the plaintiff the debt had been lost, they were to consider it as a payment. But if it were only remitted to plaintiff as an agent, to negotiate or collect, and it had been lost by his negligence, he could only be liable in damages for his misconduct, but it was no payment. If only accountable for damages, they could not be offset. By the evidence, nothing more appeared, but that Robert Morris had sold a bill to the de-

[1] [Originally published from the MSS. of Hon. Bushrod Washington, Associate Justice of the Supreme Court of the United States, under the supervision of Richard Peters, Jr., Esq.]

fendant, in December, 1793; that such a bill was protested in June, 1794, as appeared by a charge in the plaintiff's account, of the costs of the protest, and that in 1794, or perhaps 1795, Morris was able, and would have taken it up, if it had been returned to him. But no evidence was offered to show on what account the bill was remitted, nor is it now stated that this could be shown. Upon this evidence, the jury disallowed the credit, and we cannot say, that they ought to have done otherwise.

In Clark v. Mundall [unreported], it was determined, that a bill of exchange, or note, was not a payment of an antecedent debt, because of the same dignity, unless it was not received as such, and the laches of the holder did not make it a payment. After this, the statute 3 & 4 Anne, c. 9, passed, and I admit the doctrine to be now general in England, that if a bill or note be given in payment, satisfaction, or on account of a precedent debt, that the laches of the holder may make it a payment. But it must appear to have been received as a payment of a pre-existing debt. Besides, the defendant in this case, was faulty in two respects. Notice was given to him, to produce letters, from which it might have appeared whether notice of the protest had, or had not been given. The plaintiff could not be expected to prove notice, since he was not apprized of the defendant's intention to claim this as a credit. On these grounds, it would be improper, I think, to grant a new trial.

[See Cases Nos. 5,194 and 5,195.]