## John Stocking vs. The Ex'ors of Conway.

*Error from Dallas Circuit Court*—Before the Hon. Sion L. Perry.

———◆———

Where A. receives a note on another person, to be applied to the payment of a debt due to him by B, the mere insolvency of the maker of such note, will not dispense with due diligence to collect it.

A. is bound to demand payment in a reasonable time, of the maker, and to give notice to B. if payment is refused—even if the maker of the note be insolvent.

This action was assumpsit, to recover the amount of sundry accounts, subsisting in the hands of the plaintiff, against the defendants' testator. The defendants, to discharge this debt, had placed in the possession of the plaintiff, certain notes on one Wiley Saunders, who, the plaintiff alleges, was insolvent. The transfer was made in 1825, and the plaintiff gave notice of the insolvency of Saunders, to the defendants, in 1828. On these facts, the plaintiff asked the court to charge the jury, that if the insolvency of Saunders was fully made out, the plaintiff was not required to prove diligence in the collection of the notes. But the court instructed the jury, that the plaintiff was not entitled to recover on the original demand, unless he had shown due diligence. To this charge exception was taken, and the same assigned as error.

PICKENS, for Plaintiff.

GOLDTHWAITE, *contra.*

By Mr. Chief Justice LIPSCOMB :

This case has been again heard, on the petition of the plaintiff's counsel for a rehearing, at the present term ; and the court concur in the opinion given by Mr. Justice TAYLOR, in its last decision.

The opinion rendered by Mr. Justice TAYLOR, is as follows :

The plaintiff assigns as error, the opinion of the Circuit Court, as expressed in the bill of exceptions. It appears, that after the evidence was closed, the plaintiff moved the court to instruct the jury, " that where the insolvency of the person upon whom the notes were taken, was fully made out, the plaintiff was not required to prove diligence : but the court charged the jury that the plaintiff was not entitled to recover unless he had shown due diligence in the collection of the notes on Saunders."

This court has frequently determined, that an inferior court was not bound to do more than respond to the motion which was made to it, and if that response was correct, the judgment would not be reversed, although the plaintiff in error, by shaping his motion differently, would have been entitled, under the evidence, to more favorable instructions.

It was not for the court to determine, in exclusion of the jury, that due diligence had been used. It was the province of the court upon the motion of counsel, or without, if it chose to do so, to instruct the jury what was due diligence—and for the jury to find, whether that diligence had been used. It has several times been decided by this court, that the fact of due diligence, is to be submitted to the determination of the jury.

The plaintiff in this case, asked that the jury might be instructed, that the insolvency of the person upon whom the

Stocking
vs.
Ex. Conway.

notes were taken, dispensed with all proof of diligence in attempting to collect those notes. The court correctly refused to give this instruction. The mere insolvency of such party does not dispense with every effort to collect the money from him. The plaintiff was bound, in reasonable time, to demand the money of him, and give notice to the defendants of a refusal to pay.[a] And this is certainly, perfectly reasonable, although a party may be insolvent; that is, as I understand it, unable to pay all his debts, or without visible property; yet he may be able to pay a part. He may have cash with which to do this, or his friends may be willing to aid him in compounding them—therefore, those passing off such paper *bona fide*, should be informed of its non-payment, if they are to be made responsible.

aChitty on B.
142, 204, 209,
226, 245.

b1 Cranch 181

The case of *Clark vs. Young*,[b] does not militate at at all against this position. It was there only decided, that the party passing the note was responsible by the laws of Virginia, if the payor was insolvent, although no suit had been brought against him : but the principle is expressly recognised, that other diligence is necessary ; and it is said by the court, that such other diligence may have been proved.

From the evidence set out in the case at bar, however, I do not think such diligence was used, either in making timely demand of the maker, or in giving notice to the defendants, as the law requires. Although the defendants were absent from the state, we must presume the agent from whom the notes were first received, was not, and that he still acted, and was known to the plaintiff, as the agent of the defendants.

The exclusion of evidence by the Circuit Court, was also right. The attempt made was to introduce secondary proof, when it did not appear, but that the primary was within the reach of the plaintiff.

It is my opinion that the judgment should be affirmed.