Hitchcock, J.
Various errors have been assigned in this case, which will be considered in the order in which they are presented upon the record. But before proceeding to do this, *it may not bo improper to say that it seems to us difficult to ascertain upon what principles this action could be sustained, if all the evidence before the court and jury is detailed in the bill of exceptions. The license, which is the subject matter of controversy, was not, in fact, issued by the plaintiff in error, or with his knowledge or consent. It was issued by an individual who, at the time, bad charge of the office; but there is nothing to show that he was authorized to transact business of this character. No objection, *5 however, is interposed on this account, and we will not, therefore, for this cause, interfere with the judgment.
The first error assigned is, that the declaration is insufficient in law to maintain the action. Counsel have not pointed out, nor have the court been able to discover, wherein the declaration is defective. Although not, perhaps, very formal, it seems to us to contain all the necessary allegations.
The second error assigned is, in substance,.that the court erred in charging the jury that it was necessary for the clerk, in order to exonerate himself from the penalty imposed by the statute, to examine the applicant for a marriage license under oath or affirmation.
This assignment presents a question of some difficulty. By the 'act to regulate marriages, in the last clause of section 7, Swan’s Stat. 582, it is enacted that, “ if any clerk shall, in any other manner,” that is, in any other manner than is prescribed in the act, “issue or sign any marriage license, he shall forfeit and pay a sum not exceeding §1,000, to and for the use of the party aggrieved.”. Section 1 of the same act provides that male persons over the age of eighteen, and females over the age of fourteen, may b° joined in marriage; but if the male be under twenty-one, or the female under eighteen, the consent of the lather, mother or guardian, as the case may be, of such infant, must first be obtained. In addition to this, before the marriage takes place, notice thereof must be published, on two several days of public worship, in the presence of the congregation, or license therefor be obtained from the clerk of the court of common pleas of the county * where the female resides. And if any person authorized to solemnize marriages shall join two in marriage without such previous publication or license, he is subjected to a penalty not exceeding §1,000.
Section 7 of the act provides, “ that the clerk of the court of common pleas may inquire of the party applying for license, as aforesaid, upon oath or affirmation, relative to the legality of such contemplated marriage; and if the clerk shall be satisfied that there is no legal impediment thereto, then he shall grant such marriage license.” By the general provisions of the law, the clerk is liable to a penalty, if he grants a license where there is any legal impediment to the marriage. As, however, it is not *6 supposed that he can, of his own personal knowledge, know whether there is or is not any legal impediment, this provision is made, that he shall grant the license, if he is satisfied that there is no such impediment. But how is he to be satisfied ? The statute answers, “By the oath or affirmation of the party making application for the license.” It seems to me that, by a fair construction of the act, if he becomes satisfied, by any less evidence than this, and it so happens that there is in fact a “ legal impediment,” he must be liable to the penalty. But, as there is not a perfect accordance of opinion in the minds of the members of the court, upon this subject, wo do not decide the question.
The.next error assigned is, that the court erred in charging the jury that, in ascertaining the amount of their verdict, they might take into consideration the bad moral character of Shields, and the unsuitableness of the match.
It seems to the court that this was a proper subject for the jury to take into consideration. The intention of the statute, so far as the penalty is concerned, was to prevent violation of the law; and if the law was violated, to furnish some redress for the injury inflicted on the party aggrieved. Now, in a case like the present, the extent of the injury must depend much, if not entirely, upon the character of the parties to the marriage contract. If the match be a suitable one, although the feelings *of the father may have been wounded, still'the actual injury would- bo but trifling; whereas,-if his daughter was joined in marriage with an immoral, prodigal, and dissipated man, it would be difficult to measure the extent of the injury. In this part of the charge there vfras no error.
But in charging the jury that a recovery by Kirby, in this case, would be a bar to any right of action which he might have against Shields, or against Shields and Welch, for enticing away his daughter, we are of opinion the court of common pleas were mistaken as to the law. This action is one given by statute, and is not like a case of separate action against joint trespassers, where a recovery against one, and a satisfaction of that judgment, is held to be a bar. Even in such cases, there may be separate judgments, but there can be but one satisfaction. This part of the charge was calculated to enhance the damages upon a false basis, and was therefore injurious to the plaintiff in error. For this cause, there *7 fore, upon the general error assigned, the judgment of the court of common pleas is reversed, and the cause remanded for further proceedings.