## COCKE v. CHANEY, Adm'r.

1. When a creditor who has received a note as collateral security, transfers it to another, he must be understood to have elected that mode of payment, and to have made the security a substitute for the debt.

Error to the County Court of Sumter.

Assumpsit by plaintiff in error, as indorsee of a promissory note, made by the defendant's intestate, to one Scott. Before the Hon. G. D. Frierson.

The questions presented, arise on a bill of exceptions, from which it appears, that after the deceased executed said note, he passed to Scott as collateral security, a note on three persons, for $1,200, and that Scott passed the collateral to one Wood, for a valuable consideration. That suit was brought, judgment obtained upon it, and execution returned no property found. It was proved, that two of the makers of the collateral, had been discharged in bankruptcy, and the third was insolvent, but that his wife had considerable separate estate, and the judgment might probably be worth something.

The court charged, that Scott, by passing the collateral, adopted it as a payment, and thereby extinguished the demand sued on ; and refused to charge, that by the transfer of the collateral, Scott became liable to account only for its value.

The plaintiff excepted, and assigns the charge, and refusal, as error.

R. H. Smith, for plaintiff in error.

The value of the collateral security, and not the amount on the face of the note, was the measure of deduction that defendant was entitled to. Cortelyon v. Lansing, 2 Caine's

9

Cases, 199; Id. 214; Garlick v. James, 12 Johns. Rep. 146; Ingalls v. Lord, 1 Cowen, 240; Strong v. Strong, 6 Ala. R. 345; 3 Campbell, 477.

St. John v. O'Connel, 7 Port. 481-2, shows that the measure of damages in trover is the rule to apply to this case.

F. S. LYON, contended that the plaintiff could not recover without first offering to return the collateral paper. Pope & Hickman v. Nance, 1 Stewart, 354; Russell v. Hester, 10 Ala. 535; Trotter v. Crockett, 2 Porter, 401.

COLLIER, C. J.—In Trotter v. Crockett, 2 Porter's Rep. 401, it was said, that where a bill or note has been transferred as a conditional payment or collateral security, its return is not necessary to entitle the creditor to institute an action on the original demand. That although a double satisfaction cannot be had, yet the creditor may take and hold several securities for the same debt, and ought not to be compelled to yield up either, until the debt is paid. But if he transfers a note thus held, so that in legal presumption he has derived a benefit from it, then, unless he regains it and have it ready to deliver to the defendant, his recovery will be limited or defeated according as the paper transferred may be for a less or greater amount than the debt intended to be secured. To sustain these conclusions, the court cite 1 Cranch's Rep. 181; 1 Wash. C. C. Rep. 156; 2 Wheat. Rep. 390; 1 Port. Rep. 260. In Harris v. Johnston, 3 Cranch's Rep. 311, Chief Justice Marshall employs this language: "On the second exception, the material point to be decided is, whether an action can be maintained on an original contract for goods sold and delivered, by a person who has received a note as a conditional payment, and has passed away that note. Upon principle, it would appear that such an action could not be maintained. The indorsement of the note passes the property in it to another, and is evidence that it was sold for a valuable consideration. If, after such indorsement, the seller of the goods could maintain an action on the original contract, he would receive double satisfaction." To the same effect is Kearslake v. Morgan, 5 T. Rep. 513; Patapsco Ins. Co. v. Smith, 6 H. & Johns. Rep. 166; Coursey v. Baker, 7

Id. 32; Glenn v. Smith, 2 G. & Johns. Rep. 493. See also Oliver v. Gray, 1 H. & Gill's Rep. 220; Wyman v. Rae, 11 G. & Johns. 416; Hamilton et al. v. Cunningham, 2 Brock. Rep. 250; Chew v. Chinn, 7 Lou. Rep. N. S. 532; Hunt v. Nevers, 15 Pick. Rep. 500; Howard v. Ames, 3 Metc. R. 308; Bowditch v. Green, Id. 360; Exeter Bank v. Gordon, 8 N. Hamp. Rep. 66; Payne v. The Commercial Bank of Natchez, 6 S. & Mar. Rep. 24. In an action of trover for the conversion of a note, it has been held that the measure of damages is the amount due on its face, unless it is proved that it is of less value. Ingalls v. Lord, 1 Cow. Rep. 240; St. John v. O'Connell, 7 Port. Rep. 466; Romig v. Romig, 2 Rawle's Rep. 241; Rogers v. Crombie, 4 Greenl. Rep. 276.

If it were competent in a case like the present, to show that the creditor transferred the note at less than its nominal amount, in the absence of all proof upon the point, it cannot be presumed from the fact that the makers of it were insolvent *at the time of the trial*, that he disposed of it at a depreciation; but the reverse must be taken as true.

Where one debt is transferred as collateral security for another, the creditor becomes an agent for the collection, and the amount collected after deducting costs and other charges, should be credited on the debt intended to be secured, (Chew v. Chinn, *ut supra;*) and if he transfers the security, he of course appropriates it to his own use, and to the extent of its nominal amount, the sum received for it, or its value, the debt will be extinguished. We will not stop to consider which of these rules furnishes the criterion for adjusting the credit to which the debtor under such circumstances will be entitled, as the facts of the case before us, do not require such an examination. If, as it was decided in Harris v. Johnston, and several of the cases cited, that the assignment of a note received as a conditional payment, implies that the creditor has received for it, a valuable consideration, and will bar an action for the recovery of the original debt, we can conceive of no difference in principle between such a case and the present, where the note was received as collateral security. In either case, if the creditor, instead of collecting the security and applying the proceeds, transfers it, he must be understood to have elected that mode of obtaining payment,

and to have made the security a substitute for the debt; and if, under such circumstances, he could recover the debt, "he would receive double satisfaction. The mere fact that the security had proved unavailing, and the creditor was liable to his assignee for the payment of it, cannot require the application of a different principle; he should actually have regained possession of it, so that he could return it to his debtor upon the debt being paid. Besides *non constat*, that he will ever. be called on for payment, or if he is, that he will not avoid a recovery.

This view is in harmony with the ruling of the county court, and its judgment is consequently affirmed.