# Ware, Murphy & Co. *v.* Russell.

*Action on Promissory Note.*

1. *Transfer by creditor of note of debtor, and note of another person given by him as collateral, to different person; rights of transferees.*—Where a creditor holding his debtor's note, and also the note of another person as collateral, transfers to different persons, the rights of the transferees (the notes not being commercial, but transferred after maturity), will depend on the priority of the transfers. If the collateral be first transferred, it operates *pro tanto* as a payment or extinguishment of the original debt; and the party taking a subsequent transfer of the original note, takes it subject to a credit *pro tanto*, or extinguishment, according to the amount of the collateral. If, on the other hand, the original note is first transferred, the collateral will follow it into whosoever's hands it passes, being subject in them to any defense the maker might have made in first hands.

APPEAL from Circuit Court of Dallas.
Tried before Hon. GEORGE H. CRAIG.
The opinion states the facts.

MORGAN, LAPSLEY & NELSON, for appellants.—There is no dispute that the defendant owes the amount due on the note, after allowing credit for the amount paid before notice of transfer. The question, then, is, who is the beneficial owner of the note? It is clear neither Callen nor Morey, Watson & Dunlap, can claim any interest in the note—all they had, passed by their endorsement. Mrs. Holbrook has never

asserted any claim to it. She took the note and mortgage after maturity, and subject to all defenses. The transfer of the note of Russell was *pro tanto* a payment of the note and mortgage of Callen, and as Mrs. Holbrook took it after the transfer, she took it subject to such payment.—See *Cocke v. Chaney*, 14 Ala. 67, and cases there cited. As to who has beneficial interest, see 48 Ala. 241.

P. G. WOOD, *contra.*—Russell's note, deposited with Morey, Watson & Dunlap, is to be considered and treated as a pledge. It was delivered with a right to retain it as collateral security for Callen's debt. The general ownership remained with Callen. The authority of Morey, Watson & Dunlap could extend no further than to receive the money due upon it, without first calling upon Callen in some way to redeem it, or to transfer it with the note to which it was collateral.—12 Johns. 145; Story on Bailments, 321, 322, 323, 324. The note was strictly *non*-commercial, and the transferee acquired no beneficial interest therein. Ware, Murphy & Co., are not *bona fide* holders of Russell's note under the facts of this case.

STONE, J.—The following facts seem not to be disputed: that Callen, on April 3, 1872, gave his commercial note, due October 15, 1872, payable to Morey, Watson & Dunlap, and cotemporaneously executed a mortgage on real estate to secure its payment; and that, on the next day, Callen transferred to Morey, Watson & Dunlap a non-commercial note for a smaller amount, which he held on appellee, Russell, due January 1, 1873, as collateral security for the debt evidenced by the note first above described; that the note and mortgage of Callen were transferred in December, 1872, when they were past due, to Mrs. Holbrook, as security for money borrowed from her; but whether transferred cotemporaneously with the loan does not appear. This, then, is Mrs. Holbrook's title.

The proof also tends to show that the note of Russell to Callen was transferred by Morey, Watson & Dunlap to Ware, Murphy & Co., as security for borrowed money, and that neither of said debts for borrowed money has been paid. The testimony is not entirely in harmony as to the time when the transfer to Ware, Murphy & Co. took place. Some witnesses place it in October, 1872, before the transfer to Mrs. Holbrook. One witness testifies that Morey, Watson & Dunlap brought the Russell note to him in the spring of

1873, and offered to trade it to him. The time of this transfer is one of the disputed questions of fact, and, as we think, the most important one in this cause.

As we understand this record, Russell does not deny his liability to pay his note, less the partial payment. The only question is, who has the right to sue for its recovery ?—who is the beneficial owner of it? Russell interposed the plea that the plaintiffs are not the parties really interested in the note.

Whether Ware, Murphy & Co., by the transfer to them, became the owners, or party really interested in the note, must depend on the further inquiry, did Morey, Watson & Dunlap transfer the note to them, and were they authorized to make such transfer? A party holding a collateral paper, as long as the principal debt remains unpaid, is so far clothed with a right to it, that the debtor, placing it thus in pledge, can not recover it. The holder may collect it, or otherwise make it available for the payment of the debt of which it is the security. In one case it was held that he may compromise such claim at less than its nominal value, and if he act prudently and in good faith, he will not be held to account beyond the sum realized.—*Exeter Bank v. Gordon*, 8 New Hamp. 66.

In *Cocke v. Chaney*, 14 Ala. 65, it was said, if one holding a note as collateral to a debt due him, transfers it, "so that in legal presumption he has derived a benefit from it, then, unless he regains it and have it ready to deliver to the defendant, his recovery will be limited or defeated according as the paper transferred may be for a less or greater amount than the debt intended to be secured." So, in *Harris v. Johnston*, 3 Cr. 311, it was decided that "an action can not be maintained on an original contract for goods sold and delivered, by a person who has received a note as conditional payment, and passed away that note."—See, also, *Howard v. Ames*, 3 Metc. (Mass.) 308.

This principle seems to us to rest on solid reason and substantial justice, and we heartily endorse it. Under it, if Morey, Watson & Dunlap, while they yet held and owned the note and mortgage of Callen, transferred the Russell note to Ware, Murphy & Co., such transfer operated a payment, to the extent then due upon it, of the note of Callen, and left only the residue due from Callen. Mrs. Holbrook, in this event, having acquired the Callen note after its maturity, can only recover the balance due, after allowing credit for the Russell note. If the facts be as here supposed, then the

[Mitchell et al. Administrators v. Lea, Administrator.]

plea of Russell, that Ware, Murphy & Co. are not really interested in the note sued on, is not sustained by the proof.

On the other hand, if the note and mortgage of Callen were transferred to Mrs. Holbrook before the Russell note was transferred to Ware, Murphy & Co., then a different rule will prevail. The Russell note being but a security for the payment of the Callen note, will follow it into whose hands soever the latter may rightfully pass. The note being non-commercial, Russell could make the same defense against it as he could make in first hands.

The foregoing principles are believed to be decisive of this case. Several of the rulings of the court are in conflict with these views, but we deem it unnecessary to particularize them.

Reversed and remanded.

*Action on Promissory Note.*

