[No. 1015.  Decided December 1, 1893.]

W. S. GILLIAM, *Respondent*, v. A. L. DAVIS, *Appellant*.

PROMISSORY NOTES — DISCHARGE OF MAKER BY PAYMENT OF COL-
LATERAL SECURITY — ANSWER.

In an action on a promissory note, sufficient facts are stated to
constitute a defense when the answer sets up that the note was given
by the defendant to a bank for money borrowed, and as collateral
security a note executed by certain other parties to the defendant
was indorsed. to the bank; that the collateral note falling due, suit
was instituted upon it by the bank, and that the father of the mak-
ers, as their agent, and with money furnished by them, paid to the
bank the money due on defendant's note, and induced the bank to
dismiss the suit against his sons, and to deliver to him the defend-
ant's note together with the one held as collateral security.

The transfer by a pledgee of a promissory note held as collateral
security for a debt to the maker of the note is a payment *pro tanto*
of the debt secured.

*Appeal from Superior Court, Spokane County.*

*Turner, Graves & McKinstry*, for appellant.

*Kinnaird & Happy*, for respondent.

The opinion of the court was delivered by

DUNBAR, C. J.—This is an action on a promissory note.
The complaint alleges, in substance, that the defendant duly
made, executed and delivered to the First National Bank
of Walla Walla, a certain promissory note for the sum of
$3,324.34; that thereafter said bank, for a valuable consid-
eration, duly sold, transferred, indorsed and delivered said
promissory note to the plaintiff, who is now the owner and
holder thereof; and asks for judgment for the amount of
said note, with interest, costs and an attorney's fee of $200.
The answer alleges, in substance, that one Lane C. Gilliam
and one J. B. Gilliam made their promissory note, and
thereby promised to pay to the order of the defendant the

sum of four thousand dollars, with interest, etc., payable semi-annually; that after the making and delivery of said note, defendant indorsed and delivered the same to the First National Bank of Walla Walla as collateral security for the promissory note described in the complaint, and thereafter, and after said note had become due, the said First National Bank of Walla Walla commenced an action in the superior court of Spokane county against the said Lane C. Gilliam and J. B. Gilliam to enforce the collection of said note; that while the said action was pending, the plaintiff herein, W. S. Gilliam, who is the father of the said Lane C. and J. B. Gilliam, paid to the First National Bank of Walla Walla the amount due upon the note made by the defendant to the said First National Bank, and induced the bank in breach of its duty and contrary to the rights of defendant, to dismiss the action against the said Lane C. and J. B. Gilliam, and to deliver to him, said W. S. Gilliam, the note of the defendant described in the complaint, also the collateral note of the said Lane C. and J. B. Gilliam. The answer also contains the following direct allegation, viz.: "That in the acts and transactions above set forth, plaintiff acted for said Lane C. and J. B. Gilliam, paid the said sum with money furnished by the said Lane C. and J. B. Gilliam, and now owns and holds the note in the complaint described as the agent of and for the benefit of the said Lane C. and J. B. Gilliam," and prays that he may go hence without day. A demurrer was interposed to the answer, alleging that it did not state facts sufficient to constitute a defense to plaintiff's cause of action. The demurrer was sustained, and the action of the court in sustaining the demurrer is alleged here as error by appellant.

The legal questions involved are—(1) Was the payment of the collateral note under the allegations of the answer a payment by the makers; and (2), under such circumstances does the payment of the .collateral note

amount to a payment on, or an extinguishment of, the original note?

On the first proposition the respondent insists, that the transactions set up in the answer have every characteristic of a sale, and stress is placed on the averment that the Gilliams now own and hold the note. This expression construed as an independent proposition would, no doubt, justify respondent's contention; but to give it such a construction would render it inharmonious with the other averments of the answer, and, in fact, would render the other averments meaningless; and, construing all the allegations together, we think sufficient is stated in the answer to plainly show that the act of W. S. Gilliam in the transaction was the act of Lane C. and J. B. Gilliam. In fact, that allegation is set out in language plain and unmistakable.

That point being settled, then, was the payment of the collateral note a payment of the original note sued on in the action? We think the authorities sustain this proposition. Randolph on Commercial Paper, § 795, lays down this general proposition:

"When the collateral note is collected, and the proceeds received by the pledgee, it operates as a payment *pro tanto* of the debt secured."

In *Hunt v. Nevers*, 15 Pick. 500, the following rule was announced:

"Where a collateral security is received for a debt, with power to convert the security into money, and the proceeds of the security equal or exceed the amount of the debt, the debt is *de facto* paid, for the same person being the party to receive and pay, no act applying the money to the debt is necessary, but the law makes the application."

In *Ware v. Russell*, 57 Ala. 43, the doctrine of payment is made to depend upon the priority of the transfer; thus it is held that if the collateral be first transferred, it oper-

ates *pro tanto* as a payment or extinguishment of the
original debt.    If, on the other hand, the original note is
first transferred, the collateral will follow it into whosoever
hands it passes.    But, in the case at bar, it is evident that,
if such a distinction is to be made, that the collateral note
was the first that was transferred, as that was the note that
was sued upon by the pledgee.

In *Cocke v. Chaney*, 14 Ala. 65, it was held that, when a
creditor who has received a note as collateral security
transfers it to another, he must be understood to have
elected that mode of payment, and to have made the secur-
ity a substitute for the debt.    The same doctrine was an-
nounced in *Westphal v. Ludlow*, 2 McCrary, 505 (6 Fed.
Rep. 348).    And we think the authorities are uniform in
holding that where the transferee is the maker of the col-
lateral note the payment of the collateral note extinguishes
the original note.

It was argued by the respondent that, if the bank had
power to sell the note, the defense in this action could
not be maintained.    The general consensus of authority
seems to be that unless a power to sell is superadded to
the agreement whereby such chose in action is pledged as
a collateral security the creditor has no right to sell such
chose in action.    This was squarely decided in *Whitteker
v. Charleston Gas Co.*, 16 W. Va. 717, and in *Roberts v.
Thompson*, 14 Ohio St. 1.    But it seems to us that the
power of the creditor generally to dispose of mercantile
paper under such circumstances cannot be raised in this
case, for under the allegations of the answer the purchaser
in this instance was the maker of the collateral note, and
purchased with full knowledge of all the relations exist-
ing, and there is no question of innocent purchasers in the
case.

Respondent cites several authorities to the effect that
the payment of one not a party to the note of the amount

of the note to the holder thereof, does not constitute a payment of the note independent of other facts showing an intention to discharge the note.    It is not necessary to refute this proposition under the construction we give to the answer.    The answer in this case follows the statute, and states the facts constituting its defense, and we think the facts stated are sufficient, and that the demurrer should have been overruled.

Judgment will, therefore, be reversed, and the cause remanded with instructions to proceed in accordance with this opinion.

STILES, ANDERS and SCOTT, JJ., concur.

HOYT, J., dissents.