[No. 2085. Decided March 3, 1896.]

W. S. GILLIAM, *Respondent*, v. A. L. DAVIS, *Appellant*.

WITNESS — CROSS-EXAMINATION.

A question propounded to a witness on cross-examination is properly excluded where the witness has already been fully examined concerning the matter to which the question relates.

Appeal from Superior Court, Spokane County.— Hon. T. J. HUMES, Judge. Affirmed.

*Graves & Wolf*, for appellant.

*Cyrus Happy*, for respondent.

The opinion of the court was delivered by

GORDON, J.—Upon a former appeal (7 Wash. 332,

35 Pac. 69), this court held that the answer herein was sufficient and reversed the order of the lower court which sustained a general demurrer thereto. On the trial which followed, the plaintiff having introduced his proof and rested, the defendant (appellant here) offered no testimony, and thereupon the court directed a verdict in respondent's favor. From judgment entered upon the verdict so directed and an order denying a motion for new trial the case again comes here upon appeal. For a reversal the appellant relies upon two specific assignments of error: first, that the court erred in sustaining respondent's objection to a question propounded by appellant's counsel on cross-examination to witness Lane C. Gilliam; second, that the court erred in directing a verdict.

1. We have carefully examined the entire testimony and are entirely satisfied that the objection was properly sustained. Counsel had already fully examined the witness concerning the matter to which this question was directed and the question to which the objection was sustained was substantially a repetition, besides we do not think that the question called for anything relevant or material to the issue.

2. Nor do we think that the court erred in directing a verdict, as the testimony in our opinion wholly failed to support the defense set up in the answer. We think the proof clearly showed that plaintiff was the owner of the note in question, that he did not purchase it as agent for his sons, and that it has not been paid. No other verdict than that rendered in the case could, in view of the testimony, have been permitted to stand, and the judgment appealed from will be affirmed.

HOYT, C. J., SCOTT, ANDERS and DUNBAR, JJ., concur.