## ERRONEOUS VERDICT HELD TO HAVE CAUSED NO PREJUDICE.

Circuit Court of Cuyahoga County.

E. E. STONEMAN v. THE OHIO CULTIVATOR COMPANY.

Decided, June 2, 1911.

*Counter-Claim—Nominal Damages—Costs.*

A verdict was erroneously directed against a defendant on a counter-claim under which he had shown himself entitled to nominal damages only; *Held:* No prejudice arose therefrom because it affected the question of costs only, and the costs were properly assessed against the defendant on the plaintiff's claim, set up in the petition.

*Frank C. Scott,* for plaintiff in error.
*Hidy, Klein & Harris,* contra.

WINCH, J.; HENRY, J., and MARVIN, J., concur.

Stoneman bought a hay press of the cultivator company, and gave his note for $150 in part payment thereof. He afterwards sold the hay press to one Kerruish, but as under agreement with the cultivator company, title to the hay press was to remain in it until the entire purchase price was paid, he asked and obtained the cultivator. company's consent to a transfer of title of the hay press to Kerruish, who gave his own notes for $338.40 secured by a chattel mortgage covering the hay press, direct to the cultivator company. Stoneman claims the company agreed to accept Kerruish's note in payment of his note, and to release him, but this is denied by the company. Kerruish failed to pay his notes when due, and the company thereupon sued Stoneman on his $150 note.

Stoneman answered, admitting the note, but setting up the transaction with Kerruish as a defense thereto. He also set up

in his answer two counter-claims, one asking damage for the company's negligence in prosecuting a suit against Kerruish for replevin of the hay press, and the other praying compensation for his services in locating the mortgaged property and atempting to save its possession.   A reply denied these allegations. The issues were tried to a jury, and at the close of all the evidence, a verdict was directd for the plaintiff for the amount due on Stoneman's note.

This action of the court was proper, so far as the evidence of Stoneman as to the Kerruish transaction was concerned.   He failed to show that the Kerruish notes were taken in payment of his note.   On the contrary, he proved that the Kerruish notes and chattel mortgage were taken as collateral security to his note.

It seems, however, that he made out a case on the first counter-claim, entitling him to nominal damages for the company's negligence in and about the collections of the Kerruish notes.   *Roberts* v. *Thompson,* 14 O. S., 1.

He might have been entitled to more than nominal damages if he had shown that the hay press was of any value or that Kerruish was insolvent.   It may be that Stoneman can not collect the Kerruish notes, a surrender of which he in entitled to upon payment of his own note.

Though there was error in directing a verdict for the plaintiff below, it was not prejudicial to plaintiff in error.

Being entitled to nominal damages only on his counter-claim, a submission of it to the jury would not have changed the result of the case, for costs would go against him in either event.

Certain rulings on evidence have been called to our attention, which seem to have been erroneous, but as they all referred to the issue on the counter-claim, and did not affect the amount of damages thereunder, no prejudice arose therefrom.

Judgment affirmed.