(82 South. 163)

CRAWFORD et al. v. CHATTANOOGA SAVINGS BANK. (8 Div. 170.)

(Supreme Court of Alabama. May 15, 1919.)

1. GUARANTY ⚏46(1), 77(2)—LIABILITY OF GUARANTOR — PROCEDURE AGAINST PRINCIPAL.

When the terms of the contract of guaranty render the guarantor absolutely liable for payment of the principal obligation, on default by the principal the guarantee need not notify the guarantor of the principal's default, and is not bound to proceed against the principal with diligence or otherwise as a condition to enforcing the guarantor's liability.

2. MORTGAGES ⚏405 — INDEMNITY MORTGAGE—LIABILITY APART FROM PRINCIPAL.

Indemnity mortgagee's failure to proceed against the principal debtor *held* no bar to suit by her transferee for reformation and foreclosure of the mortgage, even though the statute of limitations had run against the principal debtor's note and the maker became insolvent and execution-proof in the meantime; the terms

⚏For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

of the contract of the mortgagor making him absolutely liable on default of the principal debtor.

3. MORTGAGES ⬦425 — INDEMNITY MORTGAGE—FORECLOSURE—LACHES.

There was no laches in filing suit for reformation and foreclosure of an indemnity mortgage after the liability of the mortgagors, guarantors of payment of another's note, became complete.

4. MORTGAGES ⬦219 — RIGHT TO ASSIGN—STATUTE.

The right of assignment of a mortgage contract given by Code 1907, § 5158, providing that a contract for the mere payment of money may be assigned, cannot be defeated by the unexpressed but inferred intention of the parties that the mortgage should not be assigned.

5. GUARANTY ⬦56—EXTENSION OF DEBT—DISCHARGE OF GUARANTORS.

Where the debt guaranteed, the guaranty being secured by indemnity mortgage, was extended by the creditor for value without the knowledge or consent of the guarantors, the latter were thereby discharged from liability.

6. CANCELLATION OF INSTRUMENTS ⬦6—INDEMNITY MORTGAGE—SATISFACTION OF DEBT OR DISCHARGE OF GUARANTORS.

If the note, to secure payment of which an indemnity mortgage was executed by others than the maker, had been previously satisfied, or if the indemnity mortgagors, guarantors of payment, had been discharged, the mortgage had become functus officio, and the mortgagors were entitled to its cancellation.

7. EQUITY ⬦196 — MORTGAGES — FORECLOSURE—CROSS-BILL FOR CANCELLATION.

In suit for reformation and foreclosure of an indemnity mortgage, cancellation of the mortgage is affirmative relief which can be had only by means of a cross-bill.

Appeal from Circuit Court, Morgan County; Robert C. Brickell, Judge.

Bill by the Chattanooga Savings Bank against Baxter Crawford and others for reformation and foreclosure of a mortgage. Decree for complainant, and respondents appeal. Affirmed in part, reversed and rendered in part, and remanded.

The bill is filed by complainant as transferee of Mrs. D. C. Rawlings to foreclose a mortgage executed by respondent to Mrs. Rawlings to guarantee the repayment to her of one-half of a loan made by her to her son-in-law, C. C. Crawford, who is also the son of respondent. The bill shows that C. C. Crawford gave his note to Mrs. Rawlings for $2,700, dated August 8, 1908, and due and payable August 8, 1910, and that contemporaneously therewith the respondents Baxter Crawford and wife executed to Mrs. Rawlings a mortgage on their land; reciting that it was in consideration of her loan to C. C. Crawford, the means for making which she had obtained from the complainant bank by giving to it her own obligation and mortgage security. The Crawford mortgage to Mrs. Rawlings contains the following defeasance and liability clauses:

"But this conveyance is an indemnity mortgage and shall become void if the said C. C. Crawford shall at any time repay to her the said $2,700.00, or if I shall at any time repay to her the sum of $1,350.00, or in case she shall die before this mortgage be foreclosed. But should the said mortgage or deed of trust given by the said Mrs. Rawlings be, after maturity, foreclosed, or should she after maturity, pay to the Chattanooga Savings Bank the said sum of $2,700.00, and if after such payment by her to said bank the said loan continuing unsatisfied by the said C. C. Crawford and she continuing in life then upon my failure to reimburse her to the extent of said $1,350.00 she may foreclose this mortgage by a sale of the above-described property," etc.

It is also stipulated in the mortgage that in case the mortgagee pays said sum to Mrs. Rawlings, and before any sale or decree of sale thereunder, then she shall transfer the C. C. Crawford note to Baxter Crawford. The bill shows that the complainant bank is now the owner of the C. C. Crawford note to Mrs. Rawlings by transfer and assignment, and that on August 25, 1916, Mrs. Rawlings in writing transferred and assigned to the complainant bank the indemnity mortgage here sued on. It further appears that Mrs. Rawlings is still living, that on August 14, 1916, she paid and satisfied her said indebtedness to the said Chattanooga Savings Bank, that the said C. C. Crawford's note to Mrs. Rawlings remains unsatisfied, and that Baxter Crawford has failed to reimburse Mrs. Rawlings as stipulated. Demurrers were overruled to the bill, and respondents filed their answer and cross-bill, alleging substantially the following: They admit the execution of the C. C. Crawford note and their own mortgage, but they deny that complainant is the owner of the note, or that it remains unsatisfied, or that Mrs. Rawlings has paid her indebtedness to the bank. They allege certain family relations and conditions from which it is inferred and charged that the parties intended that the indemnity mortgage should not be assigned by Mrs. Rawlings. They allege that the C. C. Crawford note is now barred by the six-year limit statute of Tennessee, where it is made and is payable; that, although the maker was solvent at the time of the maturity of the note and for a long time thereafter, he is now insolvent. Wherefore it is charged that Mrs. Rawlings is guilty of laches in failing to pursue her remedy against C. C. Crawford, which has rendered the note a worthless security to respondents, even if it be transferred to them as stipulated. It is charged that the pretended payment by Mrs.

Rawlings of her debt to said bank was a sham, and consisted merely in some mutual arrangement between them for the purpose of enabling said bank to sue respondents, instead of suing in her own right. It is further charged that Mrs. Rawlings extended said note for a valuable consideration without the knowledge or consent of respondents. The cross-bill prays that the indemnity mortgage be canceled and extinguished and that it be so indorsed upon the mortgage record. Demurrers were sustained to this cross-bill.

E. W. Godbey, of Decatur, for appellants. Spragins & Speake, of Huntsville, for appellee.

SOMERVILLE, J. On a former appeal in this case (Crawford v. Chattanooga Savings Bank, 78 South. 58 [1]), it was held, on demurrer to the bill, that the mortgage sued on was assignable, since its conditions could be fully met and legally discharged by an assignee.

It was also held that, upon the defaults shown by the bill, the mortgagors became absolutely and unconditionally liable for the payment to the mortgagee, or her assignee, of $1,350 of the indebtedness of C. C. Crawford, as evidenced by his note to Mrs. Rawlings.

[1, 2] When the terms of the contract of guaranty render the guarantor absolutely liable for the payment of the principal obligation upon the default of the principal, it results as of course that the guarantee need not notify the guarantor of the principal's default, and is not bound to proceed against the principal, with diligence or otherwise, as a condition to enforcing the liability of the guarantor. 12 R. C. L. § 42, p. 1089, and cases cited; Crawford v. Chattanooga, Savings Bank, supra.

It necessarily results that Mrs. Rawlings' failure to proceed against C. C. Crawford, the principal debtor, is no bar to the present proceeding, even though the statute of limitations has run against the note, and though the maker has become insolvent and execution-proof in the meantime. McBroom v. Governor, 6 Port. 32; Minter v. Branch Bk., 23 Ala. 762, 58 Am. Dec. 315; Willis v. Chowning, 90 Tex. 617, 40 S. W. 395, 59 Am. St. Rep. 842. In such cases the guarantor may protect himself by paying the debt, and himself proceeding against his principal. Payment is what he promised, without condition, and if, forgetful of his own obligation, and neglectful of his own interest, he remains supine, he can have no complaint, either legal or moral, because of the creditor's omission to diligently enforce payment by the principal. And, indeed, it may well be presumed that the very purpose of exacting from the guarantor an absolute undertaking to pay the debt, if the principal

failed to do so, was to avoid the necessity of compulsory process against the principal— in the instant case, the son-in-law of the guarantee.

[3] The question of laches, therefore, is eliminated from consideration, since it is not, and cannot be, contended that there was any laches in filing this bill after the liability of the guarantors became complete.

[4] Some of the matters recited in the answer may be persuasive to show that the guarantors did not contemplate any assignment of their mortgage contract; but, even so, the right of assignment given by the statute (Code, § 5158) cannot be thus defeated. Under this statute, the right to assign a contract for the mere payment of money has been upheld even in the face of a stipulation in the instrument forbidding any assignment. Perry v. Merchants' Ins. Co., 25 Ala. 355; C. Ober Co. v. Phillips-Burttoff Co., 145 Ala. 625, 40 South. 278. It is at least clear that no implication of a contrary understanding can defeat the exercise of a right which is stamped by law upon the contract itself.

This disposes of the main questions of merit presented by demurrers to the bill and to the cross-bill, and, with respect to these, the rulings of the trial court are free from error.

[5] We think, however, that there is equity in the cross-bill by reason of the allegations in the fourth and twelfth paragraphs that the principal debt has been satisfied or paid; and also in the twelfth paragraph that the debt was extended by Mrs. Rawlings for a valuable consideration, without the knowledge or consent of the guarantors. If the latter allegation is true, the guarantors were thereby discharged from liability. Cox v. Mobile, etc., R. R. Co., 37 Ala. 320; Howle v. Edwards, 97 Ala. 649, 11 South. 748; 12 R. C. L. § 36, p. 1048.

[6, 7] If the note has been previously satisfied, or if the guarantors have been discharged, the mortgage given by respondents has become functus officio, and they are entitled to its cancellation. This is affirmative relief which can be had only by means of a cross-bill, for which purpose the cross-bill in this case may clearly be maintained.

In this aspect, the demurrers to the cross-bill as a whole for want of equity, and to paragraph 12 on other grounds, were improperly sustained, and they will be here overruled.

As to all other grounds of demurrer to the bill and cross-bill the decree of the circuit court will be affirmed, and the costs of appeal will be apportioned equally.

Affirmed in part, reversed and rendered in part, and remanded.

ANDERSON, C. J., and MAYFIELD and THOMAS, JJ., concur.

[1] 201 Ala. 282.