(91 South. 316)

### CHATTANOOGA SAV. BANK v. CRAWFORD et al. (8 Div. 326.)

(Supreme Court of Alabama. Oct. 20, 1921.)

I. Mortgages ⟺427(I)—Mortgagee held to be a necessary party in suit to foreclose mortgage assigned as collateral security.

Where defendants executed a mortgage as an indemnity for a loan, and the mortgagee assigned the mortgage to plaintiff as collateral security and paid the loan which it secured,

plaintiff may not maintain suit to foreclose without making the mortgagee a party.

## 2. Equity ⊜95—Cestui que trust a necessary party to a suit in equity.

Though in a court of law the trustee is regarded as the owner of the property and represents the cestui que trust, in equity the cestui que trust is regarded as the owner and is a necessary party in suits concerning the trust estate.

## 3. Assignments ⊜88—On payment of debt, right of assignee to hold and enforce the collateral security ceases.

Assignment of collateral security for a debt in equity gives the assignee a qualified interest to the extent of the debt secured, although the assignment is absolute on its face, and, when the debt for which the collateral security is given has been paid, the right to hold and enforce it in equity ceases.

## 4. Equity ⊜104—Statute requiring actions to be prosecuted by party in interest not applicable to suits in equity.

Code 1907, § 2489, providing that actions on promissory notes, bonds, or other contracts, express or implied, for the payment of money, must be prosecuted in the name of the party really interested, has no application to suits in equity.

Appeal from Circuit Court, Morgan County; Robert C. Brickell, Judge.

Bill by the Chattanooga Savings Bank against Baxter Crawford and others for reformation of a mortgage and its foreclosure. From the decree rendered, complainant appeals. Affirmed.

Spragins & Speake, of Huntsville, for appellant.

The bank still has the legal title and is the real party in interest, and the respondents would be protected by recovery by or payment to the bank. 106 Ala. 636, 17 South. 628; 130 Ala. 613, 29 South. 194; 30 Cyc. 78.

E. W. Godbey, of Decatur, for appellees.

The payment of the Rawlins note and mortgage to the bank, for which the Crawford mortgage was collateral security only, destroyed the bank's title and interest. 5 C. J. 56-8; 31 Cyc. 886; 7 Paige (N. Y.) 18, 31 Am. Dec. 271; 3 Johns. (N. Y.) 331. Mrs. Rawlins was a necessary party to the bill. 64 Ala. 220; 3 C. J. 956; 22 Wash. 372, 61 Pac. 38, 79 Am. St. Rep. 944.

THOMAS, J. The former appeals in this case are reported in 201 Ala. 282, 78 South. 58; 203 Ala. 133, 82 South. 163. The trial and final decree were had upon the issues made pursuant to former decisions in this case and from which we have no cause to depart.

The bill as amended was by Chattanooga Savings Bank v. Baxter Crawford and Wife as the sole respondents, and the latter answering made it a cross-bill.

It is averred in the amendment to the answer and cross-bill of date December 2, 1920, that the mortgage sought to be foreclosed was agreed to be made in consideration that Mrs. Dora Rawlings would lend Claude C. Crawford $2,700, and recited that defendant Baxter Crawford had promised her indemnity to the extent of one-half of said loan, and that the mortgage was made with that understanding, and that—

"As security, collateral to the said mortgage as aforesaid, the note of the said Claude C. Crawford for $1,350, and the mortgage, the foreclosure of which is sought, were transferred to the complainant, and the said mortgage of Mrs. Rawlings to the complainant was renewed on the 7th day of August, 1916, by the complainant, which took from Mrs. Rawlings a new mortgage for the same debt maturing two years thereafter; and said last-named mortgage was fully paid off and satisfied and discharged, to wit, August 7, 1918, and the complainant is without any interest whatever in the mortgage it seeks to foreclose, and has no right, title, or equity therein, or thereto."

And further that—

"It is untrue that the said Dora Rawlings paid off and satisfied before August 7, 1918, the said mortgage which she first executed to the complainant; but the fact is she merely renewed the original mortgage by executing another mortgage for the same identical debt, and the mortgage now sought to be foreclosed was held merely as collateral security and its transfer and ownership by complainant ceased when payment was made."

Mrs. Rawlings and Mr. Claude C. Crawford are not made parties to the original bill as amended or to the cross-bill as amended, and under the issues presented by the pleading and evidence Mrs. Rawlings is a real party at interest.

When the cause was considered by this court before, of the last amendment to the cross-bill the observation was made:

"We think, however, that there is equity in the cross-bill by reason of the allegations in the fourth and twelfth paragraphs that the principal debt has been satisfied or paid;" that "if the note has been previously satisfied, or if the guarantors have been discharged, the mortgage given by respondents has become functus officio and they are entitled to its cancellation."

[1, 2] Of necessary parties to a suit in equity this court observed in Lebeck v. Ft. Payne Bank, 115 Ala. 447, 22 South. 75, 67 Am. St. Rep. 51, that in a court of law a trustee is regarded as the owner of the property, and his representation is for the cestui que trust; but in a court of equity the cestui que trust is regarded as the owner of the property, and "his own representative in

reference thereto." This rule was followed in Town of Carbon Hill v. Marks, 204 Ala. 622, 86 South. 903, where the announcement made in Lebeck's Case was approvingly quoted as follows:

"He is, there, separate and distinct from the trustee, and, in a sense, the adversary of the latter. He prosecutes and defends his own interests, and shapes, through the decrees of the court, the conduct of the trustee. Hence, unless there be something special in the terms of the trust, which confers upon the trustee the power and duty to represent, in courts of equity, the beneficial interests; unless a power of attorney, so to speak, is conferred upon him to represent those interests, in those forums, a decree in equity, affecting the trust estate, rendered against the trustee, in the absence of the cestui que trust, is not binding upon the latter. The cestui que trust is an indispensable party to such proceedings, and he cannot be concluded unless he is made a party."

The appellee insists that the bill was prematurely filed, as shown by its averment that Mrs. Rawlings "is still living, and on, to wit, the 14th day of August, 1916, she satisfied and paid said indebtedness of $2,700 to said Chattanooga Savings Bank, and said loan by the said Dora Rawlings still remains unsatisfied by the said Claude C. Crawford."

Features of the mortgage by B. Crawford and wife, given as security for Claude Crawford's note to Mrs. Rawlings, and which mortgage was transferred by the latter to the complainant as collateral security for the bank's loan to Mrs. Rawlings, are:

"* * * This conveyance is an indemnity mortgage and shall become void if the said Claude C. Crawford shall at any time repay to her the said twenty-seven hundred ($2,700.-00) dollars, or, if I shall at any time repay to her the sum of thirteen hundred and fifty ($1,-350.00) dollars, or in case she shall die before this mortgage shall be foreclosed. But, should the said mortgage or deed of trust given by the said Dora Rawlings, be, after maturity, foreclosed, or, should she, after the maturity thereof, pay to the said Chattanooga Savings Bank the said sum of twenty-seven hundred ($2,700.00) dollars, and if, after such payment by her to said bank, the said loan continuing unsatisfied by the said Claude C. Crawford and she continue in life; then, upon my failure to reimburse her to the extent of said thirteen hundred and fifty ($1,350.00) dollars, she may foreclose this mortgage by a sale of the above-described property at public outcry. * * *"

The instrument that Mrs. Rawlings executed to the Chattanooga Savings Bank, referred to as a mortgage, was a "deed of trust" to secure a loan made to her by the bank, and in which W. A. Sadd, president of the bank, was named as trustee. The renewal was in the same form and fully satisfied of record of date August 7, 1916.

The identity of the debt for which the several renewals by Mrs. Rawlings were made by the bank, the fact of full payment of Mrs. Rawlings of her debt to the bank, and that B. Crawford's mortgage was held by the bank as collateral to the Rawlings loan, are clearly shown by the evidence.

[3] A general statement of the effect of an assignment as collateral security for a debt, in equity, is that it gives the assignee only a qualified interest in the assigned chose to the extent of "the debt or liability secured, although the assignment is absolute on its face" (5 C. J. 956, 958); and, when the debt for which the collateral is given has been paid, the right to hold and enforce the same in equity ceases. Wilbur v. Almy, 12 How. 180, 13 L. Ed. 944; Crawford v. Chatta. Sav. Bank, 203 Ala. 133, 82 South. 163; Mills v. Hoag, 7 Paige's Ch. (N. Y.) 18, 21, 31 Am. Dec. 271; Johnson v. Hart, 3 Johns. Cas. (N. Y.) 322, 331, 332; Hughes v. Settle (Tenn. Ch. App.) 36 S. W. 577, 580; Brown v. Tom (Tex. Civ. App.) 26 S. W. 299; Gilliam v. Davis, 7 Wash. 332, 35 Pac. 69; Williams v. Nat. Bank, 72 Md. 441, 450, 20 Atl. 191; Munn v. McDonald, 10 Watts (Pa.) 270, 273; Pontiac Buggy Co. v. Skinner (D. C.) 158 Fed. 858, 864; McCormick v. Falls City Bank (C. C.) 57 Fed. 107; Bowditch v. Green, 3 Metc. (Mass.) 360; Colebrook, Col. Sec. § 129; 21 R. C. L. p. 659, § 22, p. 679, § 41.

[4] The cases relied upon by appellant (Rice v. Rice, 106 Ala. 636, 17 South. 628; Carpenter v. Greene Co., 130 Ala. 613, 29 South. 194) are law cases and have reference to the statute, Code, § 2489; though such statute is not applicable to suits in equity (Moore v. Pope, 97 Ala. 462, 11 South. 840; McGhee v. Bank, 93 Ala. 192, 9 South. 734; Dawson v. Burrus, 73 Ala. 111). The instant case is not governed by the Rice and Carpenter Cases. We are of opinion that it would be inequitable to permit the complainant to prosecute a suit for foreclosure against the respondent Baxter Crawford as indemnitor for half the debt of Claude C. Crawford in the absence of Mrs. Rawlings, a necessary party to the bill, who had paid her principal debt to the complainant and reinvested with the title to Baxter Crawford's mortgage. It is necessary that she become the complainant to enforce her rights, if any, against Baxter Crawford, the indemnitor of Claude Crawford, if that mortgage is still due and unpaid. After a careful consideration of the record, we are of opinion that the circuit court, in equity, rendered a decree warranted by the facts and under the law as indicated and declared on second appeal. Crawford v. Chattanooga Savings Bank, 203 Ala. 133, 82 South. 163. This was the law of the case governing the trial court (Allen v. Alger-Sullivan Lbr. Co., 205 Ala. 352, 87 South. 442; Seeberg v. Norville, 204 Ala. 20, 85 South. 505; Stollenwerck v. Greil, 205 Ala. 217, 87 South. 338), and we have no desire to depart therefrom. Moreover, there was evidence to support the de-

cree that the debt was extended by Mrs. Rawlings for a valuable consideration without the knowledge or consent of Baxter Crawford and wife, the guarantors, and such as to discharge them from liability as guarantors. Crawford v. Chatta. Sav. Bank, supra; Hudson Trust Co. v. Elliott, 194 Ala. 441, 446, 69 South. 631.

The decree of the circuit court, in equity, is affirmed.

Affirmed.

ANDERSON, C. J., and McCLELLAN and SOMERVILLE, JJ., concur.