ADAMS, Justice.
PR Leasing Company, Inc. (“PRL”), and Ferris Ritchey appeal from a summary judgment awarding Cowin Equipment Company, Inc. (“Cowin”), $133,418.65 plus costs and attorney fees, in Cowin’s action against PRL and Ritchey for breach of lease agreements. We affirm.
The dispute forming the basis of this case arose out of a relatively complicated series of contractual relationships formed during construction of the “Oliver Lock Replacement, Coffer Dam and River Diversion at Black Warrior River, Alabama” (“the Project”). Martin K. Eby Construction Company was the general contractor in the Project. PRL was formed by Mr. Ritchey in order to augment the creditworthiness of Minority Contracting and Excavating, Inc. (“Minority”), in which he was a shareholder, sufficiently to allow Minority to secure and supply earth moving equipment as a subcontractor in the Project and similar operations.
Consistent with this arrangement, PRL leased from Cowin several pieces of equipment, which PRL then subleased to Minority. As further security, however, Cowin required of Ritchey the following personal guaranty of payment of the amount due from PRL:
“GUARANTOR’S AGREEMENT
“For and in consideration of lessor entering into the foregoing lease with lessee and as an inducement to lessor to make such lease with lessee, the undersigned, having read such lease and understood the undertakings of lessee assumed and imposed by such lease, hereby unconditionally guarantees to lessor the payment and performance by lessee of all terms and conditions of such lease and the undersigned unconditionally agrees to pay and perform all terms and conditions of such lease in the event of default thereunder by lessee.”
(Emphasis added.)
Minority defaulted on its payments to PRL, and PRL defaulted on its payments to Cowin. When Cowin threatened to remove its equipment from the Project site because of PRL’s default, Minority and PRL executed a joint agreement assigning to Cowin “the sum of One Hundred Eighty-Five Thousand ($185,000.00) Dollars of the money first due or to become due ... under that certain construction subcontract entered into ... by and between Minority Contracting, as subcontractor, and Martin K. Eby Construction Co., Inc., as prime contractor." Eby, however, refused to execute a written consent, which the subcontract between Eby and Minority required, to Minority’s purported assignment to Cowin.
On June 28, 1988, Cowin filed a complaint in the United States District Court for the Northern District of Alabama. Count one of the complaint contained a claim by Cowin, individually, against Eby and its bondsmen pursuant to the Miller Act, 40 U.S.C. §§ 270a-270d for recovery of the overdue lease payments.[1] Count two contained a claim only against Eby, *234 asserting a right to recovery under the purported assignment from Minority to Cowin.[2] Subsequently, PRL also filed a Miller Act claim against Eby and its bondsmen. The actions were consolidated for purposes of discovery and trial.
On March 2, 1990, the district court entered summary judgments against both Cowin and PRL. It held that Minority’s assignment to Cowin was invalid because of Eby’s nonconsent. It also held that both Cowin and PRL were precluded from recovery under the Miller Act. The court held that PRL could not recover, because, it determined, PRL had effectively assigned its rights to proceed under the Miller Act to Cowin,[3] and that Cowin could not recover under the Miller Act, because, it stated, Cowin “did not have a direct contractual relationship with Minority.”[4] United States v. Martin K. Eby Construction Co., [88-G-1081-W, N.D.Ala. (March 2, 1990) ]. PRL did not appeal from the judgment of the district court.
On July 26, 1990, PRL and Ritchey filed in the circuit court an “amended answer and counterclaim,” alleging, inter alia, that Cowin had negligently prosecuted its Miller Act claim in the district court, thereby forfeiting its claim against PRL. On March 27, 1991, the circuit court granted Cowin’s motion for a summary judgment and denied corresponding motions filed by the defendants.
On appeal, PRL and Ritchey reiterate their contentions that Cowin negligently prosecuted its Miller Act claim. More specifically, they insist that Cowin should have filed suit in its capacity as the assign-ee of PRL. The procedural posture taken by Cowin in its suit in the district court, the defendants contend, frustrated PRL’s attempts to recover the amount sought by Cowin in PRL’s Miller Act claim. PRL contends that it should thus have been allowed a set-off against the amount claimed by Cowin. Ritchey insists that a set-off extinguishing Cowin’s claim against the principal would, as a matter of course, extinguish Cowin’s claim against the guarantor. We disagree.
“When the terms of the contract of guaranty render the guarantor absolutely liable for the payment of the principal obligation upon the default of the principal, ... the guarantee ... is not bound to proceed against the principal, with diligence or otherwise, as a condition to enforcing the liability of the guarantor.” Crawford v. Chattanooga Savings Bank, 203 Ala. 133, 135, 82 So. 163, 165 (1919) (emphasis added). In other words, a guarantee’s negligence in an action against its principal does not bar a subsequent action by the guarantee against an unconditional guarantor. Indeed, in “exacting from the guarantor an absolute undertaking to pay the debt, if the principal fail[s] to do so,” id., the guarantee bargains for a counterbalance against precisely such potentialities as are here assigned as negligence by PRL. See id.
Even assuming, arguendo, that Cowin’s alleged negligence effectively extinguished its claim against PRL, Cowin’s claim against Ritchey, the guarantor and sole shareholder of PRL, would remain viable. The defenses and claims of the principal, even if valid, “are not defenses to [an] absolute and unconditional guaranty.” Government Street Lumber Co. v. AmSouth Bank, N.A., 553 So.2d 68, 79 (Ala. 1989).
No argument has been advanced that the guaranty executed in this case contemplates less than an absolute duty to pay, nor could such an argument be embraced in view of the clear and unambiguous language of the provision. There being no genuine dispute regarding the material facts, Cowin was entitled to a judgment as a matter of law. See Ala.R.Civ.P. 56(c). *235 The judgment of the trial court is, therefore, affirmed.
AFFIRMED.
HORNSBY, C.J., and ALMON, STEAGALL and INGRAM, JJ., concur.

. The purpose of the Miller Act is to "protect those whose labor and materials go into public projects.” Clifford F. MacEvoy Co. v. United States, 322 U.S. 102, 107, 64 S.Ct. 890, 893, 88 L.Ed. 1163 (1944).

. On June 30, 1988, Cowin also filed an action in the Jefferson County Circuit Court against PRL in PRL’s capacity as Cowin's lessee and against Ferris Ritchey as PRL’s guarantor.

. The court also found that PRL had failed to comply with the notice provisions of the statute.

.The effect of the district court's rationale on this point is to deny recovery to PRL on the ground that its assignment to Cowin was valid, and, contemporaneously, to deny recovery to Cowin on the ground that the assignment was invalid.