## ADAMS, CUNNINGHAM AND COMPANY v. CALVIN JONES.

Where a case is certified from a circuit court of the United States, the judges of the circuit court having differed in opinion upon questions of law which arose on the trial of the cause, the Supreme Court cannot be called upon to express an opinion on the whole facts of the case; instead of upon particular points of law, growing out of the same.

Upon a letter of guaranty addressed to a particular person, or to persons generally, for a future credit to be given to a party in whose favour the guaranty is drawn; to charge the guarantor; notice is necessarily to be given to him, that the person giving the credit has accepted or acted upon the guaranty, and has given credit on the faith of it. This is not an open question in this Court, after the decisions which have been made in Russell v. Clarke, 7 Cranch, 69; 2 Cond. Rep. 417; Edmondston v. Drake, 5 Peters, 624; Douglass v. Reynolds, 7 Peters, 113; and Lee v. Dick, 10 Peters, 482.

THIS case came before the Court on a certificate of division of opinion of the judges of the circuit court for the district of West Tennessee.

The defendant, Calvin Jones, was attached by a writ of capias ad respondendum, issued on the 22d May, 1835, to answer Adams, Cunningham and Company; they claiming from him the sum of fifteen hundred and twenty five dollars, for goods furnished to Miss Betsey Miller, under the following letter of guaranty.

Mr. WILLIAM A. WILLIAMS:

SIR,—On this sheet you have the list of articles wanted for Miss Betsey Miller's millinery establishment, which you were so very good as to offer to purchase for her. I will be security for the payment, either to you, or the merchants in New York, of whom you may purchase, and you may leave this in their hands, or otherwise, as may be proper. I hope, to your favour and view, will be added all possible favour by the merchants, to the young lady, in quality and prices of goods, as I have no doubt she merits as much, by her late knowledge of her business, industry, and pure conduct and principles, as any whatever.                CALVIN JONES.

Mr. Williams, the person named in the guaranty, purchased the articles, according to the list furnished, from the plaintiffs, who were

[Adams v. Jones.]

merchants of New York, on the 28th of October, 1832. The goods were furnished on the faith of the guaranty, which was left with the plaintiffs.

During the progress of the cause, and whilst the same was before the jury, it occurred as a question, "whether the plaintiffs were bound to give notice to the defendant, that they had accepted or acted upon the guaranty, and given credit on the faith of it." Upon which question, the opinions of the judges were opposed: whereupon, on motion of the plaintiffs, by their attorney, that the point on which the disagreement hath happened, may be stated, under the direction of the judges, and certified under the seal of the court, to the Supreme Court, to be finally decided: it was ordered, that a statement of the pleadings, and a statement of facts, which was made under the direction of the judges, be certified, according to the request of the plaintiffs, and the law in that case made and provided.

The case was submitted to the Court, on printed arguments, by Mr. Fogg for the plaintiffs; and Mr. Yerger for the defendant.

Mr. Fogg for the plaintiff.

The counsel for the plaintiffs admits that the decisions of the Supreme Court of the United States have established, "that a party giving a letter of guaranty, has a right to know whether it is accepted, and whether the person to whom it is addressed, means to give credit on the footing of it or not;" and hence notice that it is accepted and relied upon, must be given in a reasonable time, to charge him who makes the guaranty.

This is undoubtedly the rule when the contract of the guarantor is prospective, and intends to attach to future transactions. Until the other party assents to and accepts the guaranty, it is a mere proposition of one party, to which, if the other assents, he must give notice of the fact to the guarantor; so that he may regulate his course of conduct and his exercise of vigilance in regard to the party in whose favour it is given.

The contract sued upon in this case does not fall within the foregoing principles. It was not a prospective promise to Adams, Cunningham & Co., intended to operate upon future transactions, and to protect credits extended to Miss Miller, after the period it came to their hands. William A. Williams, to whom the letter was addressed, was appointed the agent of Miss Miller to purchase the

[Adams v. Jones.]

goods specified in the letter; and he was also the agent of Calvin Jones, the defendant, to deliver the letter of guaranty to any merchants of New York, from whom Williams might think proper to purchase the goods. The defendant says: "I will be security for the payment, either to you or the merchants in New York, of whom you may purchase; and you may leave this in their hands, or otherwise, as may be proper." The defendant had himself annexed to the letter the list of articles required; he knew the whole extent of his obligation. From the terms of the letter, Williams had no right to deliver, or the merchants to receive it, except to cover the actual purchases Williams might make. The delivery of the letter and purchase of the goods, were intended to be one transaction; and the sale and delivery of the guaranty, were dependent acts of the same date. The parties so acted. The clerk of the plaintiffs proves, "that the letter was exhibited to them, to ascertain and decide, whether they would make the sale upon its credit, and being satisfied with the goodness and responsibility of Calvin Jones, they did sell and deliver to Elizabeth A. Miller, through her agent Williams, the goods ordered by the letter; and the said Williams did, pursuant thereto, at the time of such sale, leave the said guaranty or security with the said Adams, Cunningham & Co." What Calvin Jones did by his agent, was equivalent to his own act; through Mr. Williams, Jones did know at the moment the letter was delivered, and became operative in the hands of the plaintiffs, the nature and full extent of his liability. The letter of authority was then exhausted; and no further credit to Miss Miller was authorized or intended by the parties. This contract, therefore, does not fall within any of the rules laid down by the Supreme Court; and no further notice to Jones was necessary than that which was within the knowledge of his agent, Williams.

The case of Duval et al. v. Trask, 12 Mass. Rep. 154, is in point. The court there say, they do not consider the promise in the light of a conditional undertaking; so as to require a demand of, or diligence in the pursuit of the original contractor. It was of itself an original undertaking, collateral to the promise of the vendee as security; but not liable to any contingencies, except that of gross negligence in securing the debt, by means of which the loss might be thrown upon the vendors. See also the case of Lawrason v. Mason, 3 Cranch, 492, and that of D'Wolf v. Rabauds et al., 490, 500, 1 Peters' Rep. and also 7 Cranch, 69.

VOL. XII.—2 D

[Adams v. Jones.]

Mr. Yerger for the defendant.

The defendant Jones was sued, as a guarantor of the debt of Miss Miller, and the only question raised by the record is, whether he was entitled to reasonable notice from the plaintiffs that his guaranty was accepted and acted on by them. That he was so entitled is settled by a variety of adjudicated cases, particularly by the cases of Douglass and others v. Reynolds, Byrne & Co., 7 Peters' Rep. 113; Edmonson v. Drake, 5 Peters' Rep. 629; Lea v. Dick, 10 Peters' Rep. 12; Pickering's Rep. 133; 1 Bailey's South Carolina Rep. 620.

This case cannot be distinguished in principle, from the foregoing cases. One of the judges, however, in the court below, believed from the terms of the guaranty, that Mr. Williams (the person authorized in the guaranty to purchase the goods) was the agent of the guarantor, and that in such case, no notice was necessary. This view of the case would make Jones the principal debtor, instead of Miss Miller; Williams would in such event, purchase the goods for Jones, and not on Miss Miller's account; which is contrary to the manifest intention of the parties.

The guaranty on its face, shows that Jones's liability was only collateral. It shows also, that Williams was to be the agent of Miss Miller, in purchasing the goods. The guaranty is directed to Williams; and says, " on this sheet you have the list of articles, &c., which you were so good as to offer to purchase for her. I will be security for the payment, either to you or the merchant of whom you will purchase; and you may leave this in their hands, or otherwise, as you may think proper," &c. Does not the language conclusively prove, that Williams was Miss Miller's agent in buying the goods. He was to buy them for her, not for Jones. This guaranty was not of an existing debt, but was a guaranty for goods to be advanced to Miss M., afterwards; whether it would be acted on or not, or whether the goods would be furnished by any one, and by whom, Jones could not tell without notice.

In Edmondson v. Drake, 5 Peters, the guaranty was addressed, not to the party who was to be benefited by it, but like this one, to third persons. Through the agency of the persons to whom it was addressed, the goods were purchased by the party; but the credit was given to the guaranty, by the merchants who furnished them. So in this case, the letter of guaranty was addressed to Williams, he purchased the goods, and they were furnished on the faith of the

[Adams v. Jones.]

guaranty. The two cases are precisely alike in this respect; and yet Chief Justice Marshall, page 637, says, in the first case, " it would be an extraordinary departure from that exactness and precision which peculiarly distinguish mercantile transactions, which is an important principle in the law and usage of merchants, if a merchant should act on a letter of this character, and hold the writer responsible, without giving him notice that he had acted on it."

If Williams was the agent of Jones in this case, were not Castillo and Black the agents of Edmondson, in the case in 5 Peters; and if notice on that account was not necessary in the latter case, does it not inevitably follow, that Chief Justice Marshall was wrong, when he expressed his surprise that any person should doubt that it was not required in the other.

In Douglass v. Reynolds, 7 Peters' Reports, the Court decided that " a party giving a letter of credit, has a right to know whether it be accepted, and whether credit is given on it or not:" indeed, until such notice, there is no contract. The Court in that case say, such notice is most material, not only as to his responsibility, but as to future rights and proceedings. It may regulate his course of conduct, and his exercise of vigilance in regard to the party in whose favour it is given."

That case also decides, that a demand of payment of the principal should be first made, before the guarantor is resorted to. The guaranty in that case was stronger than this; the guarantors bound themselves jointly and severally to be responsible for all advances, &c.

The principle of the case in 7 Peters, is applicable to continuing guarantors, or to guarantors of a single transaction; as was decided in Lee v. Dick, 10 Peters' Reports, 432. The Court in this last case, says: " there are many cases where the guaranty is of a specific, existing demand, by a promissory note, or other evidence of a debt, and such guaranty is given upon the note itself, or with a reference to it, and recognition of it, when no notice would be necessary. The guarantor, in such cases, knows precisely what he guaranties, and the extent of his responsibility. But when the guaranty is prospective, and to attach upon future transactions, and the guarantor uninformed whether his guaranty has been accepted and acted upon, or not, the fitness and justice of the rule, requiring notice, is supported by considerations that are unanswerable."

It is believed the above authorities are decisive of this case.

[Adams v. Jones.]

Mr. Justice Story delivered the opinion of the Court.

This cause comes before us upon a certificate of division of opinion of the judges of the circuit court of West Tennessee. The plaintiffs, Adams and others, brought an action against the defendant, Jones, for the amount of certain goods supplied by them, upon the credit of the following letter of guaranty:—

"*Raleigh, September 25th,* 1832.

"Mr. WILLIAM A. WILLIAMS:

"SIR,—On this sheet you have the list of articles wanted for Miss Betsey Miller's millinery establishment, which you were so very good as to offer to purchase for her. I will be security for the payment, either to you, or to the merchants in New York, of whom you may purchase, and you may leave this in their hands, or otherwise, as may be proper. I hope, to your favour and view, will be added all possible favour by the merchants, to the young lady, in quality and prices of goods, as I have no doubt she merits as much, by her late knowledge of her business, industry, and pure conduct and principles, as any whatever. "CALVIN JONES."

"After the compliment that is paid me above, I should hardly be willing to place my name so near it, was I not told it was necessary and proper the merchants should know my handwriting generally, and particularly my signature.

"ELIZABETH A. MILLER."

The list of the articles was appended to the letter.

Upon the trial of the cause upon the general issue before the jury, it occurred as a question, "whether the plaintiffs were bound to give notice to the defendant, that they had accepted or acted upon the guaranty, and given credit on the faith of it." Upon which question the opinions of the judges were opposed; and thereupon, according to the act of congress, on motion of the plaintiffs, by their attorney, the point has been certified to this Court. A statement of the pleadings, and also a statement of facts made under the direction of the judges, have been certified as a part of the record. Some diversity of opinion has existed among the judges, as to the true nature and extent of the question certified; whether it meant to ask the opinion of this Court, whether, under all the circumstances disclosed in the evidence, any personal notice to the defendant, or any other notice than what was

made known to Williams, was necessary to fix the liability of the defendant; or whether it meant only to put the general question of the necessity of notice in cases of guaranty. If the former interpretation were adopted, it would call upon this Court to express an opinion upon the whole facts of the case, instead of particular points of law growing out of the same; a practice which is not deemed by the majority of the Court to be correct, under the act of congress on this subject. Act of 1802, ch. 31, sec. 6. The latter is the interpretation which we are disposed to adopt; and the question, which, under this view, is presented, is, whether upon a letter of guaranty addressed to a particular person, or to persons generally, for a future credit to be given to the party in whose favour the guaranty is drawn, notice is necessary to be given to the guarantor, that the person giving the credit has accepted or acted upon the guaranty, and given the credit on the faith of it. We are all of opinion that it is necessary; and that this is not now an open question in this Court, after the decisions which have been made in Russell v. Clarke, 7 Cranch, 69; Edmondson v. Drake, 5 Peters' Rep. 624; Douglass v. Reynolds, 7 Peters' Rep. 113: Lee v. Dick, 10 Peters, 482; and again recognised at the present term, in the case of Reynolds v. Douglass. It is in itself a reasonable rule, enabling the guarantor to know the nature and extent of his liability; to exercise due vigilance in guarding himself against losses which might otherwise be unknown to him; and to avail himself of the appropriate means in law and equity, to compel the other parties to discharge him from future responsibility. The reason applies with still greater force to cases of a general letter of guaranty; for it might otherwise be impracticable for the guarantor to know to whom, and under what circumstances the guaranty attached; and to what period it might be protracted. Transactions between the other parties, to a great extent, might from time to time exist, in which credits might be given, and payments might be made, the existence and due appropriation of which might materially affect his own rights and security. If, therefore, the question were entirely new, we should not be disposed to hold a different doctrine; and we think the English decisions are in entire conformity to our own.

It is highly probable, that the real questions intended to be raised before this Court, upon the certificate of division, were, whether, upon the whole evidence, Williams was not to be treated as the agent of the defendant, as well as of Miss Miller, in the procurement

of this credit from the plaintiffs; and if so, whether the knowledge of Williams of the credit by the plaintiffs to Miss Miller, upon the faith of the guaranty, was not full notice also to the defendant, and thus dispensed with any further and other notice to the defendant. These were matters of fact, very proper for the consideration of the jury at the trial; and, if satisfactorily established, would have dispensed with any farther notice: but are by no means matters of law upon which we are called, on the present occasion, to give any opinion.

A certificate will be sent to the circuit court, in conformity to this opinion.

Mr. Justice BALDWIN dissented.

This cause came on to be heard on the transcript of the record from the circuit court of the United States for the district of West Tennessee; and on the point and question on which the judges of the said circuit court were opposed in opinion, and which was certified to this Court for its opinion, agreeably to the act of congress in such case made and provided; and was argued by counsel. On consideration whereof, it is the opinion of this Court, " That the plaintiffs were bound to give notice to the defendant that they had accepted or acted upon the guaranty, and given credit on the faith of it." Whereupor it is now here adjudged and ordered by this Court, that it be so certified to the said circuit court.