The opinion of the Court was delivered by
Whitner, J.
The facts are very succintly stated in the brief. In the argument it has been questioned whether the guarantor is entitled to notice of acceptance in any case, unless stipulated for in the guaranty.
Upon this general question there is certainly conflict, especially in the American cases. Under the lead of such eminent Judges as Marshall and Story, the weight of authority may be regarded as preponderating in favor of the rule that “ upon a letter of guaranty addressed to a particular person or to persons generally, for a future credit to be given to the party in whose favor' the guaranty is drawn, notice is necessary to the guarantor that the person giving the credit has accepted or acted upon the guaranty, and'given the credit on the faith of it.” Adams vs. Jones, 12 Pet. 212.
Justice Story holds this to be no longer an open question in that Court, and cites numerous cases. After discussing the reasonableness of the rule, he adds, “ If, therefore, the question was entirely new. we should not be disposed to hold a different doctrine : and we think the English decisions are in entire conformity with our own.” Eight years before this case Judge O’Neall said, in the case of Solle & Warley vs. Meugy, 1 Bail. 620, “ it was settled that the guarantor was not liable *338 unless he had notice of the acceptance of the guaranty within a reasonable time,” and although other conclusive questions were raised, on which it is said that case may well have gone, nevertheless this Court recognizes the principle, and we think it has been received as law since, in this State, though perhaps there has been no express adjudication on that point. In some of the States this doctrine is questioned, and at least has been much modified, as may be seen by reference to some of the New York cases. This opposing view is presented very fully in Douglass v. Howland, 24 Wend. 35; Whitney v. Groot, Idem, 82; Smith & Crittenden vs. Dunn, 6 Hill, 543.
Again, conceding the general proposition, it has" been urged with much force, that the circumstances here are peculiar — that the reason of the rule does not exist, and hence, the rule itself should not attach. I have not found any. analogous case, and in my researches have been struck with the fact, how rare it is that the language of these instruments is such as to make the decision of one an exact authoi'ity in another.
The contract of purchase and sale as between the original parties was evidently under a course of negotiation. The plantiffs had expressed a willingness to sell on such time as would suit the purchaser, if defendant’s testator would become responsible; and, thereupon, the testator by his letter of guaranty informed the plaintiffs he would become responsible for the amount of one thousand dollars.
This is not a general letter 'of guaranty, neither is it the usual case of one inviting a credit in behalf of his friend where there is uncertainty how the credit of either might be regarded, and whether any contract might be induced. In reference to the guaranty the proposition comes from the plaintiffs, and the guarantor assented. The terms on which the credit would be given were stated, and they are met and accepted by the guarantor. These, it is said, are the elements of a complete contract. The undertaking was absolute and specific, and the delivery of the goods on the presentation of the letter in pur *339 suance of the previous engagement was the natural consequence of all that had preceded. To some members of the Court it appears that the instrument in question under such circumstances might well be held to fix liability, without explicit notice under the general rule.
There is another aspect of the case to be considered — a non-suit was ordered on Circuit on the ground that the guarantor had not received notice of the acceptance of his guaranty.
Looking to the whole transaction, as well the circumstances already enumerated, as those additional to be found in the relation in which Baker and Maner stood to each other, their residence in the same neighborhood, the letter of the executors, though not amounting to a waiver of proof, yet clearly disclosing the fact that they too had at least some knowledge of the transaction, and felt no surprise that the estate, with which they were entrusted, was looked to: such a train of circumstances might well presuppose privity and knowledge on the part of the guarantor that credit had been obtained on the faith of his guaranty. These are matters very proper for the consideration of a jury, and, in the opinion of this Court, might well have justified a finding of that fact favourable to the plaintiffs. It is not deemed material whether that knowledge may have been derived from the plaintiffs or from Baker.
The motion to set aside the nonsuit is granted, and a new trial ordered.
O’Neall, Withers, and Munro, JJ., concurred.
Wardlaw, J., absent.

Motion granted.