# Shows *v.* Steiner, Lobman & Frank.

### *Action on Guaranty.*

(Decided November 30, 1911.   Rehearing denied February 15, 1912.
57 South. 700.)

1. *Guaranty; Validity; Acceptance.*—Although notice of the acceptance of a mere proposed guaranty is necessary, no further acceptance was required where a guaranty contract, completely executed by the parties, recited that the sellers agreed to extend certain credit to the buyers, and that the guarantor, in consideration of a named sum in hand paid, guaranteed the payment of a certain part of the proposed indebtedness.

2. *Same; Order of Signing.*—Where the guaranty stated on its face that it was a continuing guaranty for twelve months and showed that the proposal proceeded from the creditors to the guarantor, the order in which the parties signed it was not material to its validity.

3. *Same; Consideration.*—Where a guaranty contract for the payment of a proposed indebtedness of $1,000 recited on its face that it was made in consideration of the sum of $5 in hand paid,

[Shows v. Steiner, Lobman & Frank.]

the receipt of which was acknowledged, it was immaterial that the consideration was not actually paid.

4. *Same; Remedy of Creditor; Compromise of Indebtedness.*— Where the contract sued on provided that the creditor could compound the indebtedness with the principal debtor without in any way affecting the guaranty, a plea by the guarantor setting up a compromise whereby the principal debtor was released, but not alleging specifically that the guarantor was thereby released, was insufficient.

5. *Same; Instructions.*—A compromise between the creditor and the principal debtor without any agreement that it affect the guaranty would not extinguish the guarantor's liability, where the contract provided that the creditor and debtor could compound the indebtedness without in any way affecting the guaranty.

6. *Same; Issue for Jury.*—Where the complaint, in an action on a guaranty, averred that the creditor extended credit to the accommodated parties as stipulated in the guaranty, and the evidence for the defendant was that the creditor failed and refused to extend the credit for the full amount named, the issue thus raised was one for the jury.

8. *Alteration of Instruments; Filling Blanks; Guaranty.*—Where a guarantor signed a contract guaranteeing the payment of an indebtedness contracted with a certain firm, and a space was left for the insertion of the name of such firm, which was then not exactly known, the subsequent insertion, by the creditor, of the firm name as intended was not a material alteration of the contract.

APPEAL from Crenshaw Circuit Court.

Heard before Hon. A. E. GAMBLE.

Action by Steiner, Lobman & Frank against T. W. Shows, on a guaranty. Judgment for plaintiff on a directed verdict, and defendant appeals. Reversed and remanded.

F. B. BRICKEN, and TYSON, WILSON & MARTIN, for appellant. An undertaking of guaranty is primarily an offer, and does not become a binding obligation until its acceptance, and notice of acceptance given to the guarantor.—1 Brandt on Suretyship, sec. 205 and note 20; 20 Cyc. 1404, and note 48. The guarantor was released and the fact that it was not in writing was wholly without merit.—*Hand L. Co. v. Hall,* 147 Ala. 561. One partner may execute a release of the partnership debt. —30 Cyc. 500, note 60; *Pearson v. Hooker,* 3 Am. Dec.

468. If the controversy was between plaintiff and the principal debtors, it would be entirely competent for the latter to show the true consideration although different from that recited.—*Henry v. Murphy,* 54 Ala. 246. The guarantor was not bound by any of the recitals in the deed of assignment, as he was in no way connected with it, and hence, could set up the release and establish its terms by parol testimony.—*B. & A. Mtg. Co. v. Cody,* 135 Ala. 622; *Robinson v. Mosely,* 93 Ala. 70. The contract of release was a valid and binding one.—*Singleton v. Thomas,* 73 Ala. 208; *Henry v. Murphy, supra;* 6 A. & E. Enc. of Law, 737; 9 Cyc. 311. Counsel discuss assignments of error relative to evidence and charges, but without further citation of authority.

POWELL & HAMILTON, for appellee. The contract of guaranty is absolute on its face, and is shown to have been executed by both parties, and hence, the court was without error in sustaining demurrers to defendant's pleas 1 to 10.—*Scharfenburg v. New Decatur,* 155 Ala. 654, and cases there cited. If the contract had been signed by only one party, but had been accepted and acted on by the other party, it is just as binding as if signed by both.—*Whatley v. Reese,* 128 Ala. 505; *Mooten v. L. & N.,* 128 Ala. 544. Having admitted receipt of the consideration expressed, it is immaterial whether it had been received.—*Omar v. Boyer,* 89 Ala. 278; 104 U. S. 167; 9 Cyc. 718. No notice of acceptance was necessary under these conditions.—104 U. S. 167; *Leftkovitch v. First Nat. Bank,* 152 Ala. 521. Where one signs a paper and leaves a blank with the intention that the blank be filled by the other party, this will not constitute a material alteration.—9 Cyc. 302. The court properly sustained demurrers to pleas 11, 12, E and F.

—*Singleton v. Thomas,* 73 Ala. 207; *Crass v. Scruggs &
Co.,* 115 Ala. 269; *Bank of Mobile v. M. & O.,* 69 Ala.
311; 17 Cyc. 661.   Pleas A and C were not sustained by
the evidence.

MAYFIELD, J.—This is an action on a contract of
guaranty, which contract was in writing, and was as
follows:

"Agreement of Guaranty.   The State of Alabama,
Montgomery County:

"This agreement, made this the 17th day of October,
1907, by and between Steiner, Lobman & Frank, a part-
nership, engaged in the wholesale dry goods and notion
business, at Montgomery, Alabama, of the one part, and
T. W. Shows, of Luverne, Alabama, of the other part,
witnesseth:   That whereas, the said Steiner, Lobman &
Frank have agreed to supply the firm of Beall & Funda-
burk, from time to time, in the course of trade, with
merchandise, on credit, to the extent of twenty-five
hundred ($2,500.00) dollars, for a period of twelve
(12) months from this date, provided the said Shows
will enter into this agreement of guaranty; and where-
as, the said T. W. Shows is willing to become guarantor
to the said Steiner, Lobman & Frank, upon a line of
credit extended to the said Beall & Fundaburk, as here-
inafter provided: Now, therefore, in consideration of
the premises and the sum of five ($5.00) dollars, by the
said Steiner, Lobman & Frank to the said T. W. Shows
in hand paid, the receipt whereof is hereby acknowl-
edged by the said Shows, the said T. W. Shows does
hereby guarantee unto the said Steiner, Lobman &
Frank, the payment, to the extent of one thousand
($1,000.00) dollars of any indebtedness which the said
Beall & Fundaburk may, from time to time, owe the
said Steiner, Lobman & Frank, during the continuance

of this guaranty. It is agreed that the guaranty hereby given is a continuing guaranty for twelve (12) months from the date of this instrument, and that the said Steiner, Lobman & Frank may grant time, or other indulgence, or compound with, or take additional security from the said Beall & Fundaburk, or extend credit to the said Beall & Fundaburk in excess of twenty-five hundred ($2,500.00) dollars, without, in any way, affecting this guaranty. In witness whereof, the said parties to this contract have hereunto set their hands, the year and day first above written. [Signed] Steiner, Lobman & Frank. [Signed] T. W. Shows."

The complaint as last amended contained three counts. The first and second declared upon the contract, which was set out in full, and the third on the common counts, which last count need not be considered. Demurrers to the complaint being overruled, the defendant filed a great number of special pleas, including one of non est factum. Demurrers were sustained to most of these pleas, and the trial was had upon pleas 1, 2, 13, 14, A, and C, and two special replications to pleas A and C, which replication it is unnecessary to notice. Assignments of error from 1 to 21, inclusive, go to the sustaining of demurrers to special pleas from 3 to 10, and to pleas B and 15.

The defenses attempted to be set up in the pleas, in varying forms, may be reduced to three, which were: First, that defendant had had no notice of the acceptance of the guaranty by the plaintiffs; second, that the contract, when signed by defendant, contained blanks which were afterwards filled in, such after filling in constituting an alteration of the contract; third, that there was not sufficient consideration to support the contract, in that the defendant did not actually receive the recited consideration of $5, and had no notice of plain-

tiffs' acceptance of the guaranty, nor of their furnishing the credit, so as to make it a binding contract.

None of these numerous pleas, to which demurrers were sustained, was good. The three defenses attempted to be set up in them were not availing in this action. It is very true that notice of acceptance by the guarantee of a mere proposed guaranty, such as a letter of credit, is necessary to make the undertaking binding upon the guarantor; but it is equally true and well settled that no formal or further acceptance is necessary where the guaranty, as in this case, is a bilateral contract, completely executed by both parties, reciting on its face that it is executed upon a recited, even though nominal, consideration.

The two rules are well settled by the Supreme Court of the United States, in the case of *Davis v. Wells,* 104 U. S. 159, 26 L. Ed. 686. It is there said: "In *Adams v. Jones,* 12 Pet. 207, 213 [9 L. Ed. 1058] Mr. Justice Story, delivering the opinion of the court, said: 'And the question which, under this view, is presented is whether, upon a letter of guaranty, addressed to a particular person or to persons generally, for a future credit to be given to the party in whose favor the guaranty is drawn, notice is necessary to be given to the guarantor that the person giving the credit has accepted or acted upon the guaranty and given the credit on the faith of it. We are all of the opinion that it is necessary; and this is not now an open question in this court, after the decisions which have been made in *Russell v. Clark,* 7 Cranch, 69 [3 L. Ed. 271]; *Edmondston v. Drake,* 5 Pet. 624 [8 L. Ed. 251]; *Douglass v. Reynolds,* 7 Pet. 113 [8 L. Ed. 626]; *Lee v. Dick,* 10 Pet. 482 [9 L. Ed. 503], etc.'"

But it is further on, in the same opinion, said: "If the guaranty is made at the request of the guarantee, it

then becomes the answer of the guarantor to a proposal made to him, and its delivery to or for the use of the guarantee completes the communication between them and constitutes a contract. The same result follows, as declared in *Wildes v. Savage, supra* [1 Story, 22, Fed. Cas. No. 17,653], where the agreement to accept is contemporaneous with the guaranty, and constitutes its consideration and basis. It must be so wherever there is a valuable consideration, other than the expected advances to be made to the principal debtor, which, at the time the undertaking is given, passes from the guarantee to the guarantor, and equally so where the instrument is in the form of a bilateral contract, in which the guarantee binds himself to make the contemplated advances, or which otherwise creates, by its recitals, a privity between the guarantee and the guarantor; for in each of these cases the mutual assent of the parties to the obligation is either expressed or necessarily implied."

Such were the undisputed facts in this case, appearing on the face of the complaint. The guaranty, which was set out in the complaint, recited that the proposal came from the guarantees to the guarantor, and was accepted by him upon a recited consideration of $5 paid, and of the proposed credit of $2,500, to be extended to and for the benefit of a third party named therein.

Moreover, this was a continuing contract of guaranty for the term of one year; such being expressly declared in the contract. It was therefore wholly immaterial who signed the contract first, or what was the order in which the parties signed it. Hence the pleas, setting up the fact that the contract was signed by defendant first, and that he did not know that plaintiffs had signed it, were immaterial; it being shown on the face

of the contract that the proposal proceeded from the guarantees to the guarantor.

It was likewise immaterial that the recited consideration of $5 was not actually paid, as recited. This same question was also disposed of in the cited case of *Davis v. Wells, supra,* 104 U. S. 167, 168, 26 L. Ed. 686, in which the court said: "It is not material that the expressed consideration is nominal. That point was made, as to a guarantee, substantially the same as this, in the case of *Lawrence v. McCalmont,* 2 How. 426, 452 [11 L. Ed. 326], and was overruled. Mr. Justice Story said: "The guarantor acknowledged the receipt of the $1, and is now estopped to deny it. If she has not received it, she would now be entitled to recover it. A valuable consideration, however small or nominal, if given or stipulated for in good faith, is, in the absence of fraud, sufficient to support an action an any parol contract; and this is equally true as to contracts of guaranty or as to other contracts. A stipulation in consideration of $1 is just as effectual and valuable a consideration as a larger sum stipulated for or paid.' "

There was nothing in the pleas which attempted to allege an alteration by the filling in of the blanks. If the facts set up in such pleas were true, they showed that the defendant was bound by the contract when the blanks were filled in. The blank to be filled in was wholly immaterial to the contract; the engagement would have been binding with the blank remaining, as it was, merely a blank for the name of the partnership to which the goods were to be furnished. The partners were known, but the exact name of the partnership had not been agreed upon; and when it was agreed upon it was inserted in the blank space. This was fully understood by all the parties. The defendant, by signing the

contract in that condition, authorized the holder to fill in this blank when the facts were known; and hence it was as binding upon him, as a contract, as if the name had been inserted in the blank space when he affixed his signature.

"1. There are two general rules which apply to the law as to filling in blanks in written instruments: First, no one can found a title upon a forgery (7 C. B. Eng. 448; 30 L. J. C. P. 117); second, 'where a man has willfully made a false assertion calculated to lead others to act upon it, and they have done so to their prejudice, he is forbidden, as against them, to deny that assertion' (31 L. J. Ex. 436). It has been held that a deed or bond containing blanks delivered to the grantor's agent may subsequently be filled up and effectually delivered by him.—[*Gibbs & Labuzan v. Frost & Dickinson*] 4 Ala. 720; [*Duncan v. Hodges,* 4 McCord (S. C.) 239] 17 Am. Dec. 734; [*Reed v. Morton,* 24 Neb. 760, 40 N. W. 282] 1 L. R. A. 736 [8 Am. St. Rep. 247]."

"3. It has been said by the Supreme Court of the United States: 'We agree that by signing and acknowledging the deed in blank, and delivering it to an agent with expressed or implied authority to fill up the blank, perfects the conveyance, and its validity cannot well be doubted.'—[*Drury v. Foster*] 2 Wall. 24 [7 L. Ed. 780]."—6 Mayf. Dig. 86.

Pleas 11, 12, E, and F, which attempted to set up a compromise of the indebtedness due from Beall & Fundaburk to plaintiffs for which defendant was guarantor, were not sufficient, and demurrers thereto were properly sustained. Under this particular guaranty, it was necessary for such pleas to allege that the defendant was thereby released; it was not sufficient to allege that the principal debtor was released, because the guaranty

expressly authorized plaintiffs to compound with the debtors, without affecting the guaranty.

Construing the pleas most strongly against the pleader, defendant was not released by such general assignment by the debtor. We are of the opinion, however, that the court erred in giving the affirmative charge for the plaintiffs, under the evidence shown by this record, and upon the issues on which the trial was had.

The contract of guaranty upon which this suit was brought was, as before stated, a bilateral undertaking, signed by both the guarantees and the guarantor. The undertaking on the part of the guarantees was, that they would extend a line of credit to Beall & Fundaburk, to the amount of $2,500, during the next year, in consideration that defendant would guarantee the payment of the amount of $1,000. The amended complaint alleged that they did so credit Beall & Fundaburk, to that amount, during the year, and that was therefore made a material averment. It is true that the plaintiffs' evidence proved this averment without dispute; but the defendant's evidence, that of both Beall & Fundaburk, denied that credit was extended to the amount named in the contract and alleged in the complaint, and that they declined to furnish the full amount, and showed that it was extended to an amount less than that named. It was therefore for the jury to say whether, as to this averment, they believed the evidence of the plaintiffs or the evidence of the defendant. The effect of the charge was to take this question from the jury, which, of course, rendered the charge erroneous. We do not now decide that it was necessary for the complaint to allege that credit was extended to the amount of $2,500; but the complaint was amended by changing the amount of the credit alleged to have been extended from $2,450 to $2,500, thus emphasizing the importance of the aver-

[Birmingham Trust & Savings. Co. v. Currey, et al.]

ment. It was thus clearly made a material averment.

The defendant utterly failed to prove his special plea of non est factum. His own testimony, as well as the other evidence, showed that he did execute the contract sued upon. The letter written by him was properly admitted in evidence to disprove this plea. While it is a letter touching a settlement of the matter in dispute, and shows that it was written to avoid a suit, and was therefore not admissible to show liability under it, yet it was admissible to show that he did execute the contract.

As the case must be reversed, we will not pass upon those questions which may not arise on another trial; but we would suggest that the proof should be more certain that the copies of letters written by plaintiffs were true and correct transcripts of the originals, and that the originals were addressed and properly posted to the addressees, than it appears to have been upon this trial.

Reversed and remanded. All the Justices concur, save DOWDELL, C. J., not sitting.