# Phillips-Boyd Pub. Co. *v.* McKinnon, *et al.*

### Assumpsit.

(Decided November 23, 1916.   73 South. 43.)

1. **Contract; Mutuality.**—The minds of two or more parties must meet to constitute a valid contract.

2. **Guaranty; Offer and Acceptance.**—A mere offer of guaranty must be accepted before it becomes binding.

3. **Same.**—Where there is a request by the guarantee to the guarantor for guaranty, and the guaranty is made in response to such request, the contract becomes complete.

4. **Same; Bi-Lateral Contract.**—If a guaranty is bi-lateral and completely executed by both parties, and recites on its face a consideration, though nominal, no acceptance is required as it is a complete contract.

5. **Same.**—If a guaranty is absolute in form and expresses a consideration, no acceptance is necessary.

6. **Same.**—A mere proposed guaranty, such as a letter of credit, generally requires notice of acceptance to make it binding on the guarantor.

7. **Same; Waiver.**—The right to notice of acceptance of a guaranty may be waived by the form or condition of the guaranty, or waiver may be implied by the terms of the instrument.

8. **Same; Mode.**—If a guarantor expressly or impliedly intimates a particular mode of acceptance, of his proffered guaranty, it is necessary only for the other party to follow the indicated method of acceptance.

9. **Same.**—If the person offering the guaranty expressly or impliedly intimates in his offer that it will be sufficient to act upon the proposal without communicating the acceptance of it to himself, the performance of the condition is sufficient acceptance without notification.

10. **Same; Notice to Guarantor.**—Where a letter requested a publishing concern to ship to the customer such books as he might order on credit, and contained an express waiver of notice to the guarantor of any and all transactions with and extensions of credit to the customer, and pursuant thereto sale and delivery of the books were made to the customer, the guaranty was binding.

APPEAL from Coffee Circuit Court.

Heard before Hon. A. B. FOSTER.

Action by the Phillips-Boyd Publishing Company against A. McKinnon and another.   Judgment for defendants and plaintiff appeals.   Transferred from the Court of Appeals under Acts 1911, p. 450, § 6.   Reversed and remanded.

The complaint declares upon a guaranty in the shape of a letter addressed to plaintiff, and signed by Archie McKinnon and J. J. Rivenbark, requesting plaintiff to "ship to L. E. McKinnon such books as he may order from time to time, and on credit, and give him such time in which to pay for them as you may deem proper, in consideration whereof the signers hereby undertake to guarantee to you that he shall well and truly comply with his contract with you, and make payment for all books furnished him by you, and for other indebtedness due by him in his accounts with you, and should he fail to make payment in full of his accounts within the time you give him, and fail to comply with his contract with you, I, and each of us, hereby become responsible to you for said books or any other accounts with you, and all loss or damages to you on account of his failure to comply with his contract, further agreeing to pay the amount of said indebtedness within 30 days after being notified of his failure to comply with his contract. [Here follows a clause limiting liability to $250 for the payment of any balance due by him.]"

The guaranty also contained this sentence: "I also waive my rights to notice of any and all transactions with said L. E. McKinnon and his failure to pay his indebtedness to you."

The complaint alleges a balance due from L. E. McKinnon to plaintiff of $207.67, and notice to defendant of the default and failure of said L. E. McKinnon to pay. The first plea is as follows: "Answering count 1 of the complaint, defendant says that on April 13, 1912, in Atlanta, Ga., one L. E. McKinnon executed a contract hereto annexed and made a part hereof, and that on April 15, 1912, in New Brockton, Ala., the defendants executed the certain obligations set out in count 1 of the complaint, and defendants aver that no agent of plaintiff was present when they signed said obligations; that they were not requested by plaintiff to execute said obligation; that they received no consideration for signing said obligation, and plaintiff did not give defendants notice that said obligation was accepted."

W. W. SANDERS, and R. H. ARRINGTON, for appellant. J. A. CARNLEY, for appellee.

ANDERSON, C. J.— (1-10) It takes two or more parties to make a valid contract, as there must be a meeting of minds. Therefore, if a guaranty is a mere offer, it must be accepted be-

[Phillips-Boyd Pub. Co. v. McKinnon, et al.]

fore it becomes binding. When there is a request by the guar-antee to the guarantor for guaranty, and the guaranty is made in response to such request, then the contract becomes complete. If the contract is bilateral and completely executed by both parties, reciting on its face that it is executed upon a consideration, though nominal, no acceptance is required for it is a complete contract. If the contract is absolute in form and expresses a consideration, no acceptance is necessary. If, however, it is a mere proposed guaranty, such as a letter of credit, notice of ac-ceptance is generally necessary in order to make it binding upon the guarantor.—*Davis v. Wells*, 104 U. S. 159, 26 L. Ed. 686; *Shows v. Steiner, et al.*, 175 Ala. 363, 57 South. 700; *Manier v. Appling*, 112 Ala. 663, 20 South. 978. The parties, however, may in several ways waive the necessity of notice of the acceptance.— 20 Cyc. p. 1411. The right to notice may be waived by the form or conditions of the guaranty, or a waiver may be implied by the terms of the instrument.—*Swisher v. Deering*, 104 Ill. App. 572. Notification of acceptance is regarded as for the benefit of the per-son making the offer, and he may dispense with notice to himself if he thinks it desirable to do so, or, if he expressly or impliedly intimates a particular mode of acceptance, it is only necessary for the other person to follow the indicated method of acceptance. If, therefore, the person making the offer expressly or impliedly inti-mates in his offer that it will be sufficient to act on the proposal without communicating acceptance of it to himself, performance of the condition is sufficient acceptance with notification.—9 Cyc. 270, 271, and cases cited in note 58. The letter in question con-tains a clause expressly waiving notice by the addressee to the guarantors of any and all transactions with and extensions of credit to the principal debtor, and the complaint charges a sale and delivery of the articles pursuant to the receipt of the letter, which was an acceptance of the offer, and, notice of same having been waived, the defendant's plea 5 was bad, and was subject to the plaintiff's fifth ground of demurrer, which the circuit court erred in not sustaining, and the judgment is reversed, and the cause is remanded.

Reversed and remanded.

McCLELLAN, SAYRE, and GARDNER, JJ., concur.