(77 South. 29)

BIRMINGHAM NEWS CO. v. READ et al.
(6 Div. 640.)

(Supreme Court of Alabama. Nov. 15, 1917.)

1. GUARANTY ⊙⇒7(1)—NOTICE OF ACCEPTANCE—NECESSITY.
    Notice of acceptance is generally necessary to make binding on guarantor a mere proposal of guaranty in the nature of a letter of credit.

2. GUARANTY ⊙⇒21—NOTICE OF ACCEPTANCE—NECESSITY.
    The parties may waive notice of acceptance of guaranty.

3. GUARANTY ⊙⇒7(1)—NOTICE OF ACCEPTANCE—NECESSITY.
    An instrument addressed to plaintiff by defendant authorizing plaintiff to furnish papers to a third person on his order, and guaranteeing prompt payment, was a mere proposal of guaranty, and notice of acceptance to defendants was necessary.

⊙⇒For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

Appeal from Circuit Court, Jefferson County; John C. Pugh, Judge.

Assumpsit by the Birmingham News Company against Mrs. R. R. Read and others. Judgment for defendants, and plaintiff appeals. Transferred from the Court of Appeals under Acts 1911, p. 449, § 6. Affirmed.

The instrument directed to be set out is as follows:

To Birmingham News Publishing Company, Birmingham, Ala.: You may furnish to A. F. Joseph, at Anniston, Ala., such copies of the Birmingham News as he may order, and we, the undersigned, hereby guarantee the prompt payment to you of his bills. And in the event of a failure on the part of A. F. Joseph to pay his bills in full promptly on or before the 10th of each month, we promise severally and collectively to pay you on demand the full amount due, not to exceed $150. The said Joseph shall give you 15 days' written notice before discontinuing his order for the Birmingham News, and we are not to be held responsible for any accounts that may be incurred after the expiration of 15 days following the written notice.

J. W. Holmes, of Birmingham, for appellant. Willis & Adams, of Birmingham, for appellees.

ANDERSON, C. J. [1-3] The instrument in question (which will be set out by the reporter) is a mere proposal of guaranty in the nature of a letter of credit and notice of acceptance is generally necessary to make such instruments binding upon the guarantor. Phillips-Boyd Co. v. McKinnon Co., 73 South. 43;[1] Davis v. Wells, 104 U. S. 159, 26 L. Ed. 686; Shows v. Steiner, 175 Ala. 363, 57 South. 700; Manier v. Appling, 112 Ala. 663, 20 South. 978. Nor does it appear from this record that the guaranty was given upon the request of the guarantee to the guarantor so as to make the contract complete, and thus dispense with the necessity for notice of acceptance. Of course, the parties may in several ways waive the necessity of notice of the acceptance, which was done in the Phillips-Boyd Case, supra. But the necessity for same in the case at bar does not seem to have been waived, either expressly or impliedly, from the terms of the instrument or otherwise. The record shows that Gormley gave notice of acceptance to Joseph, but expressly negatives notice to his guarantors, the appellees, and the trial court did not err in rendering judgment for the defendants, and the said judgment must be affirmed.

Affirmed.

McCLELLAN, SAYRE, and GARDNER, JJ., concur.