(105 So. 886)

## HUCKABY v. McCONNON & CO.
(8 Div. 775.)

(Supreme Court of Alabama. Oct. 22, 1925.)

**1. Guaranty ⬥6—Contract is complete when minds of parties meet.**

A guaranty, like other contracts, is complete when minds of parties meet in mutual consent to same things in same sense.

**2. Guaranty ⬥7(1)—Guaranty to secure future credit requires notice of acceptance to guarantor before mutual assent is complete.**

A guaranty in nature of letter of credit generally, or to a specified party, to secure future credit for person in whose favor it is drawn, is usually regarded as a mere conditional offer, not to be become binding until form and sufficiency of guaranty is approved and a contractual relation entered into between guarantee and insured, and requires notice to guarantor of acceptance of the guaranty before mutual assent is complete.

**3. Guaranty ⬥7(1)—Notice of acceptance unnecessary where mutual assent appears; mutual assent may appear from facts connected with signing and delivery of instrument.**

Notice of acceptance of guaranty is unnecessary where mutual assent appears upon delivery of the instrument, and such assent may appear from facts leading to or connected with signing and delivery of the instrument.

⬥For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

**4. Guaranty ⬅6—Acceptance and mutual assent of guaranty may appear from instrument itself.**

Acceptance and mutual assent of contract of guaranty may appear from instrument itself.

**5. Guaranty ⬅7(1)—Bilateral contract importing privity of contract directly between guarantor and guarantee is perfected upon delivery and acceptance by guarantee.**

A bilateral contract, which by its terms imports privity of contract directly between guarantor and guarantee, is perfected upon delivery and acceptance by guarantee without notice to guarantor.

**6. Guaranty ⬅7(3)—Recited consideration, passing to guarantor; receipt whereof is acknowledged, creates binding contracts of guaranty.**

A recited consideration, passing to guarantor, receipt whereof is acknowledged, is a completed, binding contract of guaranty, in absence of condition showing a different intent, though such consideration be merely nominal, and whether in fact paid.

**7. Guaranty ⬅7(3)—Failure to give notice of acceptance of contract of guaranty was no defense to an action thereon.**

Failure to give notice of acceptance of contract guaranteeing payment, unconditionally, of any indebtedness thereafter incurred in purchase of merchandise by principal, and reciting a nominal consideration passing to guarantor, receipt whereof was acknowledged with waiver of notice of any default on part of principal, was no defense to an action thereon.

**8. Guaranty ⬅77(2)—Contract of guaranty held absolute upon which suit might be brought without first proceeding against principal.**

Contract, guaranteeing payment at all times, unconditionally, of any indebtedness thereafter incurred in purchase of merchandise by principal, regardless of his ability or willingness to pay, with a waiver of notice of any default on his part, is absolute guaranty upon which suit may be brought without first proceeding against principal or showing diligence to make collection from him.

**9. Appeal and error ⬅1040(7)—Sustaining of demurrer to special plea presenting same matter as general issue held without injury.**

In action on contract of guaranty securing line of credit for principal in future purchase of merchandise, with defense that principal had either paid for or returned all the goods received by him under such contract, being presented by plea of general issue, sustaining of demurrer to special plea presenting such defense was without injury, where, in addition, it appeared that defendant had full benefit of credit for goods returned.

**10. Guaranty ⬅50—Contract of guaranty held not to require principal to sell only for cash, and hence sale of goods on credit was no defense.**

Contract, guaranteeing payment absolutely of any indebtedness incurred in purchase of merchandise by principal, held not to require guarantee to have principal sell only for cash, and hence a sale of goods by principal on credit was no defense to an action on contract of guaranty.

**11. Pleading ⬅85(2)—Trial court has discretion to allow or disallow filing of a plea of non est factum.**

After issues have been made up and trial entered upon, it is usually a matter of discretion to allow or disallow filing of a plea of non est factum.

**12. Evidence ⬅474(14)—Witness properly qualified to give his opinion that a signature is that of another person.**

A witness, who testifies he has seen a person write, is acquainted with his handwriting, and believes he knows his handwriting, may give his judgment or opinion that signature is that of such person, although witness disclaims absolute knowledge of his signature.

**13. Evidence ⬅373(1)—Witness' testimony as to principal's signature to orders for goods and freight receipts held competent and authorized their introduction in evidence.**

In action on contract of guaranty securing line of credit in future purchase of merchandise, testimony of witness to principal's signatures to orders for goods and to freight receipts was competent, in view of Code 1923, § 7702, subd. 5, and authorized their introduction in evidence.

**14. Evidence ⬅373(6)—Duplicate invoices, carbon copies, and duplicate bills of lading held admissible without further proof of handwriting of agent or his authority.**

In action on contract securing line of credit for future purchase of merchandise, with evidence that orders were received by principal in due course, that goods were packed and shipped, and that bills of lading and invoices were sent to principal in due course, duplicate invoices, carbon copies made at same time, and duplicate bills of lading from carrier, were admissible in evidence without further proof of handwriting of agent or his authority.

**15. Guaranty ⬅91—Evidence that bills of lading were issued for goods actually shipped was evidence that they were issued by carrier's agent.**

In action on contract of guaranty securing line of credit for principal in future purchase of merchandise from guarantee, evidence that there were bills of lading issued for goods actually shipped to principal was evidence that they were issued by proper agent of carrier.

**16. Guaranty ⬅91—Evidence held to show orders for goods by insured and delivery to him, and that balance claimed was still due thereon.**

In action on contract of guaranty securing line of credit for principal in future purchase of merchandise from guarantee, evidence *held* sufficient to show orders for goods by principal and delivery to him, and that balance claimed was still due thereon.

---

⬅For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

**17. Trial ⬤═187(1)—Instruction relating to testimony of witness by deposition held not erroneous as being on effect of evidence.**

Instruction that testimony of a witness by deposition should be taken as if witness testified from the stand, with explanation that it be taken with same sanctity of an oath, *held* not erroneous as an instruction as to effect of evidence.

**18. Trial ⬤═210(1)—Jury not invited to indulge presumption against witness testifying by deposition.**

While jury have not benefit of appearance, bearing, and manner of witness testifying by deposition, they should not be invited to indulge presumptions against such testimony because of this, nor because witness is a nonresident and cannot be prosecuted within the state for perjury in another state.

Appeal from Circuit Court, Marshall County; W. W. Haralson, Judge.

Action by McConnon & Co. against J. K. Huckaby and another. From a judgment for plaintiff, defendant Huckaby appeals. Transferred from Court of Appeals under Code, 1923, § 7326. Affirmed.

The contract sued upon is as follows:

"For and in consideration of one dollar, to us in hand paid by McConnon & Co., the receipt whereof is hereby acknowledged, we hereby jointly and severally guarantee, absolutely and unconditionally at all times, payment at Winona, Minnesota, of any indebtedness to the said McConnon & Co. hereafter incurred by or for Arnold R. Jordan of Guntersville, state of Alabama, by reason of the sale of goods, wares, merchandise and equipment to him, from time to time, by the said McConnon & Co., regardless of his ability or willingness to pay and we hereby waive notice of any default by the said Arnold R. Jordan and consent to any extensions by McConnon & Co. of time of payment by him.

"This undertaking shall be an open one and shall so continue at all times without respect to residence or location of business of the said Arnold R. Jordan until revoked in writing by us, the undersigned sureties, notice of revocation to be served on the said McConnon & Co., at its office in Winona, Minnesota.

"It is understood that there are no conditions or limitations to this undertaking, except those written or printed hereon, at the date hereof, and that after execution no alteration, change or modification hereto shall be binding or effective, unless executed in writing signed by ourselves and McConnon & Co. under the corporate seal of said company.

"In witness whereof, we have hereunto set our hands and seals at Winona, Minnesota, this the 8th day of March, 1920."

John A. Lusk, of Guntersville, for appellant.

Acceptance by the guarantee of a contract of guaranty is necessary to make it a binding obligation. Davis v. Richards, 115 U. S. 524, 6 S. Ct. 173, 29 L. Ed. 480; 3 Mayfield's Dig. 928; Fay v. Hall, 25 Ala. 704; Saint v. Wheeler & Wilson, 95 Ala. 373, 10 So. 539, 36 Am. St. Rep. 210; Brandt on Suretyship, §§ 151, 157-167; 5 Elliott on Contracts, 3. It was the duty of the guarantee to notify the guarantors of sales made to Jordan. Phillips-Boyd Pub. Co. v. McKinnon, 197 Ala. 443, 73 So. 43; Birmingham News Co. v. Read, 200 Ala. 655, 77 So. 29. The court should avoid any statement so framed as to indicate the court's conclusion from the facts in dispute. Thornton v. State, 18 Ala. App. 225, 90 So. 66; Strother v. State, 15 Ala. App. 106, 72 So. 566. Leatherwood v. State, 17 Ala. App. 498, 85 So. 875. The court should not instruct the jury as to the weight to be given the evidence of a particular witness. Adams v. State, 9 Ala. App. 89, 64 So. 371; Montgomery v. State, 169 Ala. 12, 53 So. 991; Simmons v. State, 171 Ala. 16;[1] Crane v. State, 111 Ala. 46, 20 So. 590; Sharpley v. State, 18 Ala. App. 620, 93 So. 210.

Isbell & Scruggs, of Guntersville, for appellee.

A failure to give notice of acceptance of the guaranty is no defense to the contract. McConnon & Co. v. Prine, 128 Miss. 192, 90 So. 730. There was no error in refusal to allow defendant to file plea of non est factum. Donald v. Nelson, 95 Ala. 111, 10 So. 317; Bobe v. Frowner, 18 Ala. 89; Hudson v. Wood, 102 Ala. 631, 15 So. 356. Receipts given by Jordan for goods and merchandise were competent and properly received in evidence. Likewise bills of lading. Moon v. Crowder, 72 Ala. 79; Amer. T. & S. Bank v. Montano, 18 Ala. App. 136, 89 So. 899; 10 C. J. 209.

BOULDIN, J. The action is upon a contract of guaranty to secure a line of credit for one Arnold R. Jordan in the future purchase of merchandise from plaintiff. The contract in full appears in the report of the case.

[1] Like other contracts, a guaranty is complete when the minds of the parties meet in mutual assent to the same things in the same sense.

[2] A guaranty in the nature of a letter of credit generally, or to a specified party, to secure future credit for the person in whose favor it is drawn, is usually regarded as a mere conditional offer, not to become binding until the form and sufficiency of the guaranty is approved, and a contractual relation entered into between the guarantee and the insured. The nature of the transaction is such that a due regard for the rights of the guarantor in knowing to whom or when he is to become bound requires notice of the acceptance of the guaranty before mutual assent is complete. Birmingham News Co. v. Read, 200 Ala. 655, 77 So. 29; Saint v. Wheeler &

⬤═For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

[1] 54 So. 612.

Wilson Co., 95 Ala. 362, 10 So. 539, 36 Am. St. Rep. 210; Fay v. Hall, 25 Ala. 704; Davis v. Wells, 104 U. S. 159, 26 L. Ed. 686; Davis Sewing Machine Co. v. Richards, 115 U. S. 524, 6 S. Ct. 173, 29 L. Ed. 480; Adams v. Jones, 12 Pet. 207, 9 L. Ed. 1058; 28 C. J. p. 900, § 21.

[3] Notice of acceptance is unnecessary where mutual assent appears upon the delivery of the instrument as other contracts. This may appear from the facts leading to or connected with the signing and delivery of the instrument. Thus, if the guaranty is given pursuant to a prior or present agreement between the guarantor and guarantee, or in response to a request by the guarantee directed to the guarantor, the contract is complete without further notice of acceptance. In such case the offer proceeds from the guarantee, and the execution thereof is an acceptance by the guarantor.

[4-6] Acceptance and mutual assent may also appear from the instrument itself. A bilateral contract, which by its terms imports privity of contract directly between the guarantor and the guarantee, is perfected upon delivery and acceptance by the guarantee without notice to the guarantor. A recited consideration passing to the guarantor, the receipt whereof is acknowledged, is a completed, binding contract, in the absence of conditions showing a different intent. This rule obtains although such recited consideration be merely nominal, and whether in fact paid. The contract is supported by the consideration passing to the principal. The recital of an actual consideration paid to the guarantor by the guarantee goes to the nature of the contract as a bilateral agreement, absolute and unconditional, binding upon the parties, and not a conditional offer or proposal.

[7] Such is the contract here involved. A failure to give notice of its acceptance is no defense to an action thereon. Shows v. Steiner, 175 Ala. 363, 57 So. 700; Phillips-Boyd Pub. Co. v. McKinnon, 197 Ala. 443, 73 So. 43; McConnon & Co. v. Prine, 128 Miss. 192, 90 So. 730; 28 C. J. p. 903, and authorities above cited.

[8] The guaranty of "payment," at all times, "absolutely and unconditionally," of any indebtedness thereafter incurred in the purchase of merchandise by the insured, "regardless of his ability or willingness to pay," with waiver of notice of any default on his part, is an absolute guaranty in the nature of suretyship, upon which suit may be brought without first proceeding against the principal or showing diligence to make collection from him. Such obligation casts upon the guarantors the duty to see that the principal pays, or to pay the debt if he does not. It is not a guaranty of solvency or ability to pay, or of the ultimate payment of the debt; but an unconditional promise to pay upon default of the insured. Saint v. Wheel-

er & Wilson Co., 95 Ala. 362, 10 So. 539, 36 Am. St. Rep. 210; Leftkovitz v. Bank, 152 Ala. 521, 44 So. 613; Crawford v. Chatt. Sav. Bank, 203 Ala. 133, 82 So. 163; 28 C. J. p. 972, § 124.

[9] The guaranty is for the payment of any indebtedness incurred by Arnold R. Jordan in the purchase of merchandise, etc. The existence of an indebtedness from Jordan to plaintiff at the time of bringing suit was a part of plaintiff's case. If goods were sold under a contract with Jordan whereby he had the privilege of returning goods for credit, and he "did either pay for or return all goods received by him under said contract in compliance with all the terms thereof," no indebtedness remained as a cause of action upon the guaranty. This defense was presented by the plea of the general issue; no special plea of payment, or return of goods as a method of payment, was necessary. For this reason, demurrer to special plea No. 11 was sustained without injury.

The closing paragraph of the bill of exceptions, on cross-examination of the defendant J. K. Huckaby, reads thus:

"The total amount of the bills claimed by the plaintiff against the defendant for goods shipped to the said A. R. Jordan was $988.34 and that all of these goods had been returned or paid for except $363.61 worth."

The complaint was limited to, and verdict rendered for, only the balance stated. Thus, it appears, defendant had the full benefit of credit for goods returned.

[10] Nothing in the contract of guaranty bound plaintiff to require Jordan to sell only for cash, and a sale of goods by Jordan on credit was no defense to the action.

[11] After the issues have been made up and the trial entered upon, it is usually a matter of discretion to allow or disallow the filing of a plea of non est factum. Murphy v. Coffin Co., 150 Ala. 143, 43 So, 212; Cahaba Mining Co. v. Pratt, 146 Ala. 245, 40 So. 943.

[12, 13] The execution of the instrument sued upon may be proven by the testimony of the maker without calling the attesting witness or accounting for his absence. Code, § 7702, subd. 5. A witness, who testifies he has seen a person write, is acquainted with his handwriting, and believes he knows his handwriting, may give his judgment or opinion that a signature is that of such person, although the witness disclaims absolute knowledge of his signature. The testimony of the witness Tipton to Jordan's signatures to orders for goods, and to freight receipts, was competent, and authorized their introduction in evidence.

[14, 15] Upon evidence that the orders were received by plaintiff in due course, that the goods were packed and shipped, that bill of lading and invoice were sent to Jordan in due course, duplicate invoices, carbon copies, made at the same time, and duplicate bills of

lading from the carrier, were admissible in evidence without further proof of the handwriting of the agent or his authority. Evidence that they were bills of lading issued for goods actually shipped is also evidence they were issued by the proper agent of the carrier.

[16] The evidence was sufficient to show orders for the goods by Jordan, and their delivery to him, and that the balance claimed was still due thereon.

[17] There was no error in instructing the jury that the testimony of a witness by deposition should be taken as if the witness testified from the stand, with explanation that it be taken with the same sanctity of an oath. This cannot be considered an instruction as to the effect of the evidence, but that it is legal evidence to be given the same consideration as other testimony.

[18] While the jury have not the benefit of the appearance, bearing, and manner of the witness, they should not be invited to indulge presumptions against such testimony because of this, nor because the witness is a nonresident and cannot be prosecuted in Alabama for perjury in another state. On a request of counsel to charge that such witness cannot be prosecuted for perjury, we see no reversible error in the court's suggestion, "That has nothing to do with the case."

We find no reversible error in the several rulings presented.

Affirmed.

ANDERSON, C. J., and SOMERVILLE and THOMAS, JJ., concur.