ALMON, Justice.
The case that is the subject of this appeal has been before this Court twice before, once by appeal, Bradley v. Nall, 505 So.2d 1062 (Ala.1987), and once by a petition for a writ of mandamus, Ex parte Bradley, 540 So.2d 711 (Ala.1989). In the first appeal, the principal question was whether Bradley, as guarantor of a debt to Nall, had agreed to pay the debt without a requirement that Nall exhaust his recourses against the principal debtor or had agreed to pay only after Nall had exhausted his recourses against the debtor. Nall drafted a guaranty agreement of the former type (“the unrestricted guaranty”), but Bradley counterproposed and signed a guaranty agreement of the latter type (“the restricted guaranty”). At the first trial, Nall attempted to prove that Bradley had signed the unrestricted guaranty and had delivered it to Nall, but that Nall had lost it. The trial court accepted that proof and held Bradley liable under the unrestricted guaranty. This Court reversed, holding that the evidence regarding the alleged execution and delivery by Bradley of the unrestricted guaranty did not satisfy the requirements for admission of evidence of a lost document, and that, without that evidence, the attempt to prove the unrestricted guaranty was barred by the Statute of Frauds.
After that reversal, the trial court allowed Nall to amend his complaint, whereupon Bradley filed a petition for a writ of mandamus, contending that the earlier reversal had disposed of the entire case. This Court held that its earlier opinion did not preclude a retrial on the restricted guaranty and denied the petition for the writ. A trial has now been held on the restricted guaranty. Nall offered proof that he has been unable to collect his judgment against Taylor, the principal debtor, and, as the trial court noted, that evidence was uncontradicted. The trial court entered a judgment awarding Nall $111,-493.79[1] in principal, $81,008.70 in interest, and $12,500.00 in attorney fees.
Bradley argues that the court erred in holding him liable on the restricted guaranty because, he says, under the evidence, there is no possibility that he and Nall ever had a meeting of the minds as to whether their contract was for a restricted guaranty or for an unrestricted guaranty. Without deciding whether the evidence precludes a finding of a meeting of the minds on that provision, we hold that the question is no longer relevant to the issue of Bradley’s liability on the guaranty. As can be seen from the facts detailed in our earlier opinions, Bradley undisputedly agreed to be an accommodation party or guarantor on the note whereby his client, Taylor, became indebted to Nall in settlement of a legal action that Nall had filed against Taylor. *56 It is undisputed that'Bradley wrote to Nall that he had the signed note and guaranty in his possession, that Nall settled his action against Taylor, and that Taylor began making payments on the note. It is also undisputed that Bradley later delivered a signed guaranty to Nall. Under the circumstances, the question of whether the guaranty was restricted or unrestricted is immaterial now that Nall has exhausted his recourses against Taylor.
In Huckaby v. McConnon & Co., 213 Ala. 631, 633-34, 105 So. 886, 887-88 (1925), the Court, in an opinion by Justice Bouldin, said:
“Like other contracts, a guaranty is complete when the minds of the parties meet in mutual assent to the same things in the same sense.
[[Image here]]
“Notice of acceptance is unnecessary where mutual assent appears upon the delivery of the instrument as other con-tracts_ Thus, if the guaranty is given pursuant to a prior or present agreement between the guarantor and guarantee, or in response to a request by the guarantee directed to the guarantor, the contract is complete without further notice of acceptance....
“Acceptance and mutual assent may also appear from the instrument itself.”
Under the circumstances, the trial court did not err in holding Bradley liable under the restricted guaranty.
Bradley also argues that the trial court committed reversible error in denying his motion for a mistrial after a witness made a remark about settlement negotiations. Robert A. Wills was Nall’s attorney during the negotiation and execution of the guaranty agreement. During cross-examination by Bradley’s attorney of Mr. Wills, the following occurred:
“Q. And Marc Bradley has never made any payments on any of these guaranties?
“A. Well, he reached, a settlement agreement and offered to pay $100,000, if you will recall, and then reneged on that.
“Q. You are talking about settlement discussions in the course of this case?
“A. That was when he agreed to settle it for $100,000, right.
“Q. After I was involved?
“A. Right.
“[Bradley’s attorney]: Judge, we move to strike any settlement discussions.
“The Court: I will grant the motion to strike the reference to any settlement negotiations in this case.”
Bradley’s attorney then made a motion for a mistrial, but the trial judge denied that motion, saying that he would not “be influenced by the settlement offer.”
Nall cites General Finance Corp. v. Smith, 505 So.2d 1045, 1049 (Ala.1987), and Bucyrus-Erie Co. v. Von Haden, 416 So.2d 699, 701 (Ala.1982), for the proposition that “The trial court is vested with a wide discretion in determining whether incidents which occur during the course of a trial affect the right of either party to a fair trial, and its decision may not be reversed unless it clearly appears that its discretion has been abused.” Nall further points out that “This rule makes even more sense in a nonjury setting.” We agree with Nall that this principle is dispositive here and that no reversible error occurred.
AFFIRMED.
MADDOX, ADAMS, STEAGALL and INGRAM, JJ., concur.

. This is the amount of the judgment entered against Taylor in December 1984.